## Whitehead *against* Carr.

If an action be brought upon a parol contract for the sale of land by two, and the proof be that the contract was made but with one, the plaintiffs cannot recover.

A vendor of land is not bound to give a deed with a covenant of general warranty, unless he agreed to do so.

*Quere.* Will an action lie upon a parol contract for the sale of land, no part of which has been executed?

When it is understood by the parties to a parol agreement that the latter is to be reduced to writing; and subsequently no act is done, money paid or expense incurred, but on attempting to reduce the agreement to writing, a difference arises as to its terms, *semble* that an action will not lie for breach of such agreement.

ERROR to the district court of *Alleghany* county.

This action was brought by William Whitehead and Christian Johnson against Samuel W. Carr, and the cause of action was assumpsit, upon a parol contract for the sale and purchase of a lot of ground.

The proof was that Johnson called upon Carr to purchase a lot of ground from him and they agreed positively for the price of 1300 dollars, and the taxes of that year to be paid by Johnson as soon as the deed was made. Carr said he could give a good title. Johnson said that he was going down the river the next day and he would get Whitehead to attend to it. When Johnson returned home, he called upon Carr to execute the contract, and he refused; Johnson then procured a deed containing a clause of general warranty from Carr to himself and Whitehead to be written, and took it to Carr and tendered him the purchase-money, and demanded the execution of the contract, which was refused.

Upon the trial, the plaintiffs offered several matters of evidence, tending to show, that they were damnified by the refusal of Carr to perform his contract; for instance, that the lot had risen in price: that they had been obliged to purchase another lot, under disadvantageous circumstances; that they had been delayed in the prosecution of their business; and that they had been subjected to expense in the examination of the title.

The court overruled all the evidence thus offered, and (Grier, President) instructed the jury, that the action had not been rightly brought in the name of the two plaintiffs, and that it could not have been maintained if it had, without proof of a part execution of the contract.

*Craft*, for plaintiff in error, cited Bell *v.* Andrews, 4 *Dall.* 152; Ewing *v.* Tees, 1 *Binn.* 450; Marshall *v.* Campbell, 1 *Yeates* 36.

*Williams*, for defendants in error, contended that the contract

could not be considered valid for any purpose, because it was void in consequence of the statutes of frauds and perjuries.

The opinion of the Court was delivered by

Huston, J.—It was said during the argument, that this suit was brought for the purpose of obtaining an opinion of this court, on the point, whether and in what cases an action lay for not complying with a parol contract to sell and convey lands.

If the question were new, and there were no decisions on the subject, and it were necessary to decide it in this case, it would deserve and obtain very serious consideration. There are decisions and dicta on the subject, in the English and in our own courts. In 4 *Dall.* 152, we find an action of this kind at *nisi prius*, and the court admitted evidence of the parol agreement, saying, " certainly an action will lie to recover damages for the non-performance of such an agreement," but in that case there was more than a bare agreement, for the whole purchase-money had been paid and accepted by the seller of the land, who afterwards refused to convey or deliver possession. In 1 *Binn.* 450, Tees *v.* Ewing, it is again decided that such an action will lie, and the court said, the jury will give such damages as, under the circumstances of each case, appear reasonable, and *these damages will often be very small.* Still it is a grave question, in what case and under what circumstances an action will lie. To the present suit there are two fatal objections. First, the agreement was made between Carr and Johnson, and no evidence that the name of Whitehead was mentioned. Johnson went from home, and Whitehead had a conveyance from Carr to Johnson and Whitehead, prepared, and tendered it and the money to Carr, who refused to execute it. Now there was no agreement to convey to those two, and if Carr had executed the deed, he might have been as liable to an action from Johnson as he now is. Carr never was asked to complete the parol contract, but to make in writing a contract different from the alleged parol one. Whitehead cannot alone or with Johnson, support a suit for non compliance with a contract which was never made.

There is another objection to the recovery in this suit, even if brought by Johnson alone. The proof, to take it in the strongest terms proved, is that Carr said his title was as good as any; another witness says he refused to show his title, but told Johnson he might go to the recorder's office and see them; no witness says that Carr engaged to execute a deed with clauses of general warranty. Now there is a difference between saying " my title is perfectly good, go to the recorder's office and examine it, or let your counsel examine it," and saying, " my title is good, and I will give a deed with a clause of general warranty." The first expression puts the buyer in possession of means of information and leaves him to exercise his own judgment, or take advice of counsel, and the consequence

v.—2 w

[Whitehead v. Rapp.]

is at the buyer's risk. The agreement to give a warranty, to a certain extent supersedes the necessity of an examination of title, and throws the responsibility on the vendor.

For these reasons this suit cannot be supported. I will add, that where by the parol agreement as proved, it was the understanding of the parties that it was to be reduced to writing at a future time; where no act is done, no money paid, and no expense incurred, and where, on attempting to reduce the agreement to writing, there arises a difference as to the terms or as to matters not mentioned at the parol agreement, there is no authority for saying an action will lie for non compliance with such parol agreement, the terms and effect of which, are really understood differently by the parties. The bills of exceptions were abandoned by the plaintiff in error.

Judgment affirmed.