# Fuller *v*. Fuller, Appellant.

*Statute of frauds—Parol agreement to devise land—Evidence—Ejectment.*

In an action of ejectment it appeared that the plaintiff claimed title by a deed from a grantee of her deceased husband. The defendant had no paper title but relied upon a parol agreement of the plaintiff's husband to devise the land in question to him if the defendant would remain and make his home with the promisor until he should be of age. The defendant, who was a nephew of the promisor, remained on the land until the latter's death when the defendant was more than twenty-one years old. The uncle made a will by which he left the land in question to the defendant's father for life subject to the widow's rights with remainder to the defendant. The uncle prior to his death becoming financially embarrassed conveyed the land to a third person. The latter after the uncle's death conveyed the land to plaintiff. Defendant did not establish an independent possession in himself, but his possession was under the plaintiff. *Held*, that the defendant's claim was barred by the statute of frauds.

Argued Oct. 18, 1907. Appeal, No. 64, Oct. T., 1907, by defendant, from judgment of C. P. Jefferson Co., Aug. T., 1906, No. 91, on verdict for plaintiff in case of Mary J. Fuller v. Elmer Fuller. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land in Pinecreek township. Before ORMEROD, P. J.

At the trial it appeared that the land in question was at one time owned by Sidney Fuller, the plaintiff's husband and the defendant's uncle. On February 25, 1895, Sidney Fuller made a will by which he devised the land in question to David Fuller, defendant's father, for life, with remainder to defendant, subject to widow's rights. On March 16, 1895, Sidney, being financially embarrassed, conveyed the land to J. P. Taylor, a brother of plaintiff. Sidney Fuller died on August 31, 1898, and his will was duly probated. On September 8, 1898, J. P. Taylor conveyed the land to the plaintiff. After the death of Sidney Fuller defendant worked for a time for his aunt, and subsequently went into possession of the land apparently under a lease from her. The defendant claimed the land under

an oral agreement with his uncle by which the latter was to devise the land to the defendant if he would remain and make his home with the promisor until he should be of age. The defendant carried out his part of this agreement.

The court directed a verdict for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* among others was (14) above instructions, quoting them.

*Edward A. Carmalt*, with him *N. L. Strong*, *W. C. Pentz*, *W. L. Calkins* and *Raymond E. Brown*, for appellant, cited as to the statute of frauds: Shroyer v. Smith, 204 Pa. 310; Johnson v. McCue, 34 Pa. 180; Fritz v. Menges, 179 Pa. 122; McFarson's App., 11 Pa. 503; Brinker v. Brinker, 7 Pa. 53; Hitchcock v. Hitchcock, 35 Pa. 393.

*A. L. Cole*, with him *George D. Jenks*, for appellee.

PER CURIAM, November 4, 1907:

The plaintiff showed a clear paper title from the common source, Sidney Fuller. The defendant showed no title by deed, but relied on a parol agreement of Sidney Fuller to devise the farm to defendant if the latter would remain and make his home with the promisor until he should be of age. The defendant, a nephew of Sidney, was then a boy between eleven and twelve years of age. He carried out the contract on his part by remaining and working for his uncle until the latter's death, when defendant was more than twenty-one. He did not, however, succeed in showing possession. On the contrary, it appeared that after the death of Sidney Fuller, his widow, the present plaintiff, held the legal title and defendant at the time of this trial was in possession under her. It is true the defendant disputed the lease, but he did not establish an independent possession in himself. Sidney Fuller conveyed the property during his lifetime, and even if the grantee held in trust only, the will of the grantor did not coincide with the contract so as to fortify defendant's title as a memorandum in writing. There were some other and subordinate

facts in the case that strengthened the defendant's manifest equity, but the learned judge was of opinion that they did not take the title out of the ban of the statute of frauds, and we are obliged to concur in the same view.

Judgment affirmed.