# Rader *v.* Keiper, Appellant.

*Ejectment—Practice, C. P.—Rules of court—Time for defendant to file abstract of title—Acts of May 8, 1901, P. L. 142, and June 12, 1919, P. L. 478—Striking off pleas—Judgment on pleadings.*

1. Where a rule of court, made under the authority of the Acts of May 8, 1901, P. L. 142, and June 12, 1919, P. L. 478, provides that, in ejectment, the defendant shall within thirty days after service upon him of plaintiff's declaration and abstract of title, file his plea, answer and abstract of title, a default by defendant to do so, will entitle the plaintiff to judgment unless additional time upon cause shown is allowed the defendant as provided by the rules.

2. If, after such default, defendant files his plea, answer and abstract of title, and offers no excuse for his delay, and asks for no extension, and contents himself with saying, in an answer to a rule upon him, that he has the right to file an answer at any time before judgment is actually entered, the court may make absolute the rule to strike off his plea, answer and abstract of title, and enter judgment for plaintiff on the pleadings.

3. Rules of court, established under the direction and by authority of a statute, have all the force and effect of a positive enactment, and a provision as to time requires explicit obedience, unless, upon cause shown, the court allows additional time.

4. A provision in one of the rules that, upon default, the plaintiff, on five days' notice, shall be entitled to judgment, is merely a prelude to the entry of judgment, and the giving of such notice has the effect of bringing forbearance to an end.

5. Such notice advises defendant that, at the expiration of five days, judgment will be entered against him for default, and that such judgment can only be prevented by obtaining from the court an extension of time; this interpretation by the court of its own rules, will not be deported from an appeal.

6. Where the court treats the defendant's answer to the rule to strike off pleas, etc., and for judgment, as though it were a petition to open the judgment entered by default, the appellate court will treat it in the same way, without any right in the defendant to amend.

*Ejectment—Record title—Parol gift — Possession — Exclusive possession—Statute of frauds—Improvements.*

7. In an action of ejectment where plaintiff relies upon a deed and defendant sets up a prior parol gift from plaintiff's grantor, defendant must show that possession was taken under the contract of gift, immediately after it was made, and was exclusive, and he must also show where the gift was made, and that the parties were together at the time of the gift.

8. Where defendant seeks to take the case out of the statute of frauds by showing improvements made by him, he must show that the improvements were permanent and of a nature which would add value to the land, that they could not be compensated for in damages, and that they were of a kind for which an occupant could not be reimbursed through profits derived from the land.

9. A bare averment of "repairing and improving a dwelling house and outbuildings, clearing the land, and planting trees to the great expense of defendant, the value of which cannot now be actually computed," is insufficient.

10. A written memorandum in the form of a will of defendant's father, still living, is not evidence, as bearing on an exclusive parol gift of land to defendant, particularly where the devise was of an estate by entireties to defendant and wife.

11. Even if the will contained an exclusive gift to defendant, it would not, in the lifetime of testator, be evidence of a parol contract in consideration of improvements to be made on the land by defendant, where it is not shown to be a part of such contract, and does not conform to the contract.

12. A memorandum in writing showing a gift to defendant and his wife as tenants by entireties, which does not take effect until the death of testator, at which time the defendant himself may be dead, is insufficient either to prove the contract or to satisfy the statute of frauds.

Argued February 8, 1926. Appeal, No. 111, Jan. T., 1926, by defendant, from judgment of C. P. Carbon Co., Oct. T., 1924, No. 42, for plaintiff, on pleadings, in case of Harvey S. Rader v. Rufus Keiper. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Ejectment for land in Kidder Township. Before BARBER, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff on the pleadings. Defendant appealed.

*Error assigned* was judgment, quoting record.

*Chas. F. Wharen,* for appellant.—A parol gift from a parent to a child, properly executed by possession and improvements, is valid: Sowers v. Weaver, 84 Pa. 262; Matthews v. Matthews, 11 Pa. Superior Ct. 381.

The decisions authorize the filing of a defense after the time specified by statute, and decide, ipso facto, that the time limit fixed by statute, for filing a defense, is the time within which a default judgment cannot be entered: Dickinson v. Turnsall, 3 C. P. R. 128; Guernsey v. Hunt, 4 Pa. C. C. R. 480; Bordentown Banking Co. v. Restein, 214 Pa. 30.

The penalty for a faulty answer is in the admission of evidence: McCloskey v. O'Hanlan, 35 Pa. Superior Ct. 95; Lowe v. Harris, 28 S. E. 535.

*Raymond F. Smith,* with him *Ben Branch,* for appellee, cited as to striking off answer: Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290; Com. v. Morgan, 280 Pa. 67; Lehman v. Howley, 95 Pa. 295.

As to alleged parol gift: Lutes v. Randall, 267 Pa. 285; McHale v. Cullen, 71 Pa. Superior Ct. 539; Breniman v. Breniman, 281 Pa. 304; Dill v. Westbrook, 226 Pa. 217; Allison v. Burns, 107 Pa. 50.

As to possession: Weller v. Potts, 230 Pa. 6; Wright v. Nulton, 219 Pa. 253.

As to improvements: McKowen v. McDonald, 43 Pa. 441.

The promise or contract contained in James Keiper's will is nude: McClure v. McClure, 1 Pa. 374.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 15, 1926:

This is an action of ejectment in which judgment was entered for plaintiff, and defendant has appealed.

The declaration and abstract of title, served on defendant August 11, 1924, with the summons in ejectment, showed a prima facie legal title in plaintiff. On August 15th defendant appeared by attorney.

The Act of May 8, 1901, P. L. 142, as amended by the Act of June 12, 1919, P. L. 478, provides that "the several courts of this Commonwealth shall have power, by general rule or special order, to fix the time within which the defendant shall file his abstract of title; Provided, that the court may, on rule, enter such judgment on the pleadings in favor of either party as it may appear to the court the party is entitled to." Pursuant to the power thus conferred, the court below adopted the following rules for actions of ejectment: "A copy of plaintiff's declaration and abstract of title shall be served upon the defendant or his attorney of record, and, within thirty days after such service, defendant shall file his plea, answer and abstract of title and serve copy of each thereof on plaintiff or upon his attorney of record. Upon defendant's failure to so file and serve said plea, answer and abstract, the plaintiff, upon five days' notice to defendant or his attorney, shall be entitled to such judgment as shall be warranted upon the facts set out in his declaration and abstract of title. Upon cause shown, the court may allow additional time for filing any declaration, answer, plea or abstract."

Defendant failed to file his plea, answer and abstract within the thirty days named in the rules, and, on October 25, 1924, plaintiff sent the following notice, delivered to defendant October 28th: "You will take notice that within five days after the service hereof on you, judgment will be taken against you upon plaintiff's declaration and abstract of title."

On November 1, 1924, defendant filed his plea, answer and abstract of title. This was done, however, without asking for an extension of time.

November 10, 1924, plaintiff presented his petition setting forth substantially the facts recited above;

whereupon a rule was allowed to show cause why defendant's plea, answer and abstract of title should not be stricken from the record, and why judgment should not be entered in favor of plaintiff. After the return day of this rule, an answer was filed, signed by the attorney for defendant, but not verified by affidavit as required by rule of the court below. In this answer defendant made no denial of the material allegations of the petition, nor did he offer any excuse for his failure to comply with the rules of court; he asked no indulgence, but contented himself with a bald averment that "the plea, answer and abstract of title filed in this case is a sufficient answer to the plaintiff's claim," and with the assertion that "defendant has a right to file an answer at any time before judgment is actually entered."

The Act of 1901, supra, expressly authorizes the before-quoted general rules of the court below, which, being "established under the direction and by authority of an act of the legislature, have all the force and effect of a positive enactment" (Cassidy v. Knapp, 167 Pa. 305, 307); hence the regulation therein, as to time, required "explicit obedience" (Wise v. Cambridge Boro., 262 Pa. 139, 143-4) unless, in the words of the rule, *"upon cause shown,"* the court allowed additional time. The court below, in the present case, held that, if such indulgence is desired, the one in default must ask for it within the five-day notice from his opponent provided for in the rules, and, should no extension of time be granted, judgment may be taken by the plaintiff at the expiration of the five-day period. In other words, the five-day notice is not for the purpose of giving, automatically, additional time to defendant; rather, it is a prelude to the entry of judgment, and, like a motion for judgment by default, has the effect of bringing forbearance to an end. It advises defendant that, at the expiration of five days, judgment will be entered against him by right because of his existing default, in not filing his abstract of title within the thirty-day period; and that

such judgment can be prevented only by asking for and, in the words of the rule, "upon cause shown," obtaining from the court an extension of time. This is not an unreasonable construction, and since it is an interpretation by the court below of its own rules, it will not be departed from here. Under regulations such as those contained in these rules, it no doubt would be within the power of the court which formulated them to extend the period for filing defendant's plea, answer and abstract of title, even though the original time prescribed for that purpose had already expired (Dolan v. Boott Cotton Mills, 185 Mass. 576, 70 N. E. 1025; and see Lance v. Bonnell, 105 Pa. 46, 47) ; but appellant asked no such indulgence, and, under the circumstances, the court was within its right in striking off the pleadings,—filed long after the thirty-day period named in its rules had expired,—and in entering judgment against defendant.

After proceeding as above stated, the court below treated appellant's answer as though it were a petition to open judgment by default, and considered the case from that standpoint; we shall do likewise. But since appellant expressly stood in the court below, and stands here, on the averments of his answer as written, not suggesting any desire to amend, his rights must be judged accordingly.

The common source of title to the land in dispute is James Keiper, who, with his wife, conveyed the property to plaintiff, on June 8, 1923, by a deed duly recorded. Defendant, who admittedly is in possession of the land, averred in his answer that, "on or about April 2, 1912," James Keiper gave the property to him "by parol," and that he, "at the request of the said James Keiper, went into possession of said tract and has continued in possession since, made improvements on said land, repairing and improving the dwelling house and outbuildings, clearing the land, planting trees, at great expense to the defendant, the value of which cannot now be accurately computed." He averred also that, on February 3, 1920,

"pending improvements to the said land," Keiper, "in consideration of the improvements to be made at that time," executed and delivered to defendant his, the said James Keiper's, will, providing, inter alia, as follows: "I devise to my son, Rufus Keiper and his wife, Mary, the farm......on which they now reside [being the premises here in controversy] in fee simple." Finally, appellant averred that the "consideration of said gift was natural love and affection and that the improvements were made in reliance on the said parol gift and on the said will." It should be noted that James Keiper is still alive.

When examining the above answer, we must bear in mind that judgment by default was properly entered against defendant, and the answer is looked upon as though it were a petition to open the judgment; its averments are to be considered in this light,—not as though they were contained in an ordinary pleading, which the court should give an opportunity to amend before entering judgment. So viewing them, the court below concluded that they did not present facts which, if proved, would entitle defendant to judgment in his favor. In its opinion disposing of the case, the court, in substance, correctly states: There are no facts in dispute, so far as the pleadings indicate; they show a legal title in the plaintiff, prima facie entitling him to recover. Defendant avers, and thereby offers to prove, a prior parol gift, forbidden by the statute of frauds, with possession taken and held for twelve years, but not alleged to have been taken under the contract of gift, immediately after it was made, or to be exclusive; although these qualities are essential to his case: Hart v. Carroll, 85 Pa. 508, 510; Wright v. Nulton, 219 Pa. 253, 257; Wells v. Potts, 230 Pa. 6, 8. On this point, the answer contains nothing more than a statement that "defendant, at the request of the said James Keiper, went into possession of said tract, and has continued in possession since"; not only is the averment silent as to the charac-

ter of the possession, but the will of defendant's father, which is the only evidence tendered to show the character of possession contemplated by the parties to the alleged gift, purports to devise the land to defendant and his wife by the entireties, thus contradicting the idea of a continued exclusive possession by defendant. Defendant avers improvements made by him, but not alleged to be permanent and of a nature which would add to the value of the land; though both of these features are required to take a case out of the statute of frauds: Wack v. Sorber, 2 Whart. 387, 392. Again, he fails to aver that these improvements are of a kind which cannot be compensated for in damages, though that also is an essential item of proof (Postlethwaite v. Frease, 31 Pa. 472, 474; Lord's App., 105 Pa. 451, 459); and there is no averment that they are of a kind for which an occupant could not be reimbursed through profits derived from the land, though this likewise is required by the authorities to take a case out of the statute: Hart v. Carroll, 85 Pa. 508, 510; Lord's App., supra; Wright v. Nulton, 219 Pa. 253, 257. To meet these last-mentioned requirements, the answer alleges simply that defendant "made improvements on said land, repairing and improving the dwelling house and outbuildings, clearing the land, planting trees, at great expense to defendant, the value of which cannot now be accurately computed." As to this, the court below well says: "Repairing and improving a dwelling house or outbuildings are such improvements as any tenant for a term of years might make, and do not in anywise add to the permanent value of the land"; and, quoting from McKowen v. McDonald, 43 Pa. 441, 444, it added: "The clearing and fencing land, the erection of farm buildings, the planting of an orchard—these are very common and familiar objects of valuation. What his labor was worth beyond the fair rental of the place, would be an easier question for a jury than many questions habitually committed to them." True, defendant shows

the written memorandum in form of a will, but this, as before said, devises the land to two persons as tenants by entireties, thus contradicting his prior averment of a parol gift to himself, alone, in fee,—a feature of the case which will be discussed at greater length toward the end of this opinion. Defendant does not state where the gift was made, or that the parties were together at the time of the alleged contract; which latter is an essential item of proof in such cases: Ackerman v. Fisher, supra; Dill v. Westbrook, 226 Pa. 217, 225. Finally still viewing defendant's averments as though they were offers of proof, the court below rightly remarks: "While in the case of a valid gift perfected by delivery, want of consideration is immaterial (Smith's Est., 144 Pa. 428, 435), even a father does not, as a rule, divest himself of his property without some terms or conditions [Breniman v. Breniman, 281 Pa. 304, 306; Ackerman v. Fisher, 57 Pa. 457; Wright v. Nulton, 219 Pa. 258]." The court then very properly concludes its opinion with the statement that, even though all the averments of the answer were sustained by proper evidence showing the facts alleged therein, it would, nevertheless, "have to say to the jury defendant had not established his claim of a parol gift"; for, in order to take a parol contract for the transfer of land out of the operation of the statute of frauds, on the grounds here relied on, many things would have to be shown which are lacking.

While the improvements made by defendant may entitle him to recover damages in a proper proceeding, to the extent of their value, "less a fair rental for occupancy" (McKowen v. McDonald, 43 Pa. 441, 444; Bentfield v. Hastenteufel, 283 Pa. 264, 269), they, as already stated, are not of a character to take this case out of the statute. As said in the McKowen Case, supra, "The maintenance of the statute of frauds as a rule of property is a matter of great public concern; in upholding it with a firm hand, we are sometimes grieved to be obliged to disappoint the expectations of a [member of a] fam-

ily, but, when we reflect that the law does not suffer labor spent in improvements to go unrewarded, and that its demand for some note in writing to evidence a bargain for real estate is not an unreasonable or oppressive exaction, the [apparent] hardship [of such cases] dwindles."

To return to the subject of the alleged will and its efficacy as a memorandum in writing under the statute of frauds: In the words of the court below, "Apparently recognizing the weakness or want of title in himself under the parol gift of April 2, 1912, defendant...... sets up an entirely new and different claim," alleging that James Keiper, in consideration of improvements to be made, executed and delivered to defendant, on February 3, 1920, a will devising to him and his wife the land in question. There are instances where a will may be irrevocable, sufficient to vest an equitable title in the devisee, and may be "deemed a contract in writing within the statute of frauds" (Johnson v. McCue, 34 Pa. 180); such a will is "admissible in evidence during the lifetime of the testator": Smith v. Tuit, 127 Pa 341. To come within the rule of these authorities, however, the will must be shown to be a part of a contract between the testator and the devisee (Johnson v. McCue, supra, 182; Wright v. Nulton, 219 Pa. 253) and must conform to the terms of the alleged agreement: Fuller v. Fuller, 219 Pa. 163. In the present case, as already pointed out, the facts averred by appellant are not sufficient to prove such a contract as he relies on. Moreover, since appellant avers a parol gift of the land in controversy to him, which he states took place "on or about the second day of April, 1912," a memorandum in writing showing a gift to him and his wife, as tenants by the entireties, not to take effect until the death of the testator, at which time appellant himself may not be alive, is insufficient either to prove the contract alleged or to satisfy the statute of frauds: see Whitehead v. Carr, 5 Watts 368;

McCue v. Johnston, 25 Pa. 306; Smith v. Tuit, *supra*; see also Wright v. Nulton, *supra*.

When, as here, defendant sets up a parol contract of gift to defeat his alleged donor's subsequent deed to plaintiff, and depends upon the will of a living man and on other facts to prove his claim and take it out of the statute of frauds, the facts offered for these purposes must be such as to meet the requirements laid down in our cases. After considering the relevant authorities, some of which are cited in this opinion, we agree with the court below that, should defendant prove all the facts alleged in his answer, he could not defeat plaintiff's title by deed from James Keiper; hence this appeal can, not succeed.

The judgment is affirmed.