## Hull v. Spahr

*Myers & Myers*, for plaintiff.

*Davies & Harrigan*, for defendant.

REESE, P. J., September 23, 1940. — Plaintiff herein filed a bill in equity against her father to compel him to convey certain premises to her in performance of an oral contract. The bill alleges in substance that on or about October 9, 1930, when plaintiff was 18 years of age, defendant orally promised to pay plaintiff $1,000 when she attained the age of 21 years in consideration of her agree-

ing not to marry prior to arriving at that age. It is also averred that on November 24, 1934, it was agreed between the parties that defendant would convey a certain house and lot to plaintiff in consideration of plaintiff releasing defendant from his former promise to pay her $1,000; that on the next day defendant delivered possession of the premises to plaintiff who thereafter made extensive and valuable improvements thereon. Defendant has filed preliminary objections to the bill.

We are of the opinion that the agreement first alleged to have been entered into by the parties was a valid one. While it is true that it is ordinarily held that any agreement in restraint of marriage is contrary to public policy and void, "The modern law regards bargains and conditions in restraint of marriage as only prima facie illegal and will accord them validity if the restraint is shown to be reasonable under the circumstances": 6 Williston & Thompson on Contracts, p. 4926; A. L. I. Restatement of Contracts, §581. In 122 A. L. R. 30 are cited cases as authority for the principle that a condition in a will against marrying under 21 or any other reasonable age is valid. In the same note, at page 127, it is stated that while the broad rule is that contracts having a tendency to restrain marriage are void on the ground of public policy, nevertheless, there exists in the law of contracts the same exception as in the case of wills, viz, that if the restraint is reasonable, having regard to the relation of the parties and the object of the contract, it will be enforced. In Smith v. Nyburg et al., 136 Kan. 572, 16 P.(2d) 493, it was held that the agreement of an 18-year-old girl to postpone marriage until she was 21 was reasonable and therefore not void as against public policy. In Barnes v. Hobson et al. (Ct. of Civ. App. Tex., 1923), 250 S. W. 238, it was held that the agreement of a 16-year-old girl not to marry until she attained the age of 22 was reasonable and therefore not void as against public policy.

The agreement of defendant herein to pay plaintiff $1,000 if she would not marry until she reached the age

of 21 being a valid agreement, the release of defendant by plaintiff from the former's obligation to pay $1,000 constituted sufficient consideration for his promise to convey the real estate in question to her. Even if we should regard the original contract as invalid because of an unreasonable restraint of marriage, nevertheless, the relinquishment by plaintiff of an invalid claim would constitute consideration if plaintiff honestly believed her claim to be valid: 12 Am. Jur. 577.

But does the bill in equity aver sufficient facts to take the oral contract for the conveyance of land out of the statute which requires all conveyances of any interest in land to be in writing? In order to take an oral contract for the conveyance of land out of the operation of the statute it must appear that possession was taken in pursuance of the contract and that immediately after the contract was made the change of possession was notorious and that possession has been exclusive, continuous, and maintained: Tetlow's Estate, 321 Pa. 305, 313. In the present case it is not specifically averred that plaintiff went into possession of the premises in pursuance of the alleged oral contract, nor is it alleged that the change of possession was notorious and that her possession has been exclusive. She does allege that her possession has been continuous up to January 24, 1940, and avers what we believe to be an adequate explanation of the fact that her possession was not maintained until the date of the filing of the bill by averring that on January 24, 1940, defendant caused plaintiff to be forcibly evicted from the premises.

Equity will enforce specific performance of an oral contract for the conveyance of land where the consideration has been paid and possession given in pursuance of the contract as hereinabove set forth: Tetlow's Estate, supra. We have pointed out that, while there was adequate consideration, the averments of the bill as to possession are faulty.

Our appellate courts have also held that an oral contract for the conveyance of land will be specifically enforced if the vendee has gone into possession in pursuance of a contract and has made valuable improvements upon the land: Rader v. Keiper, 285 Pa. 579; Byrne's Estate, 122 Pa. Superior Ct. 413; Morrish et al. v. Price et ux., 293 Pa. 169. Where a plaintiff relies on these facts to take the case out of the statute it is necessary that his bill contain the averments as to possession hereinabove set forth. It is also necessary that he aver certain facts as to the improvements. It is necessary to allege that the improvements are permanent and of a nature which would add to the value of the land; to aver that the improvements are of a kind which cannot be compensated for in damages; and further, to aver that the improvements are of a kind for which the occupant could not be reimbursed through profits derived from the rent: Rader v. Keiper, supra, p. 586.

One other matter should be called to the attention of plaintiff herein, although not mentioned in the preliminary objections filed by defendant. The bill avers that plaintiff became 21 years of age on October 9, 1933. In averring the terms of the oral contract for the conveyance of the premises which is alleged to have been entered into on November 24, 1934, it was averred that plaintiff agreed to release defendant from his promise to pay her $1,000 if she would not marry until she reached the age of 21, and that plaintiff also agreed to refrain from marriage until she arrived at the age of 21. It is difficult to see why plaintiff would agree to refrain from marriage until she arrived at the age of 21 years if at the time of the agreement she was slightly over 22 years of age. This ambiguity in the averment of the contract of November 24, 1934, should be cleared up.

And now, September 23, 1940, the preliminary objections to the bill in equity herein are sustained to the extent set forth in the opinion filed herewith, and the bill is dismissed, unless within 30 days from this date plaintiff files an amended bill herein.