## Haslet *against* Haslet.

Exclusive possession is an indispensable ingredient in a case for specific performance of a parol contract for the sale of land.

ERROR to the district court of *Allegheny* county.

This was an action of ejectment, by William Haslet against Samuel Haslet, for the recovery of a tract of land. The defendant claimed it under a parol purchase, which was denied by the plaintiff, and much testimony was given on this subject. The errors assigned were to the principles of law stated by the court to the jury, in their charge, which is a full exposition of the case.

Greer, president. I think it is sometimes important to the correct decision of a cause in which equitable principles are involved, to clearly distinguish what would be the result of the case in a court of law, and what remedy a chancellor would grant the party aggrieved by the decision at law. In this state, where the same tribunal administers both law and equity in the same trial, we sometimes, for want of a clear conception of the distinctive principles of each, generate a hybrid, which, with a little resemblance to each parent, is unlike either. And a jury, under some vague notions of equity, often arrive at decisions which are more the result of instinct than principle.

The plaintiff, having in this case shown the legal title, would, in a court of law, be entitled to judgment; and the defendant, who sets up a parol purchase from the plaintiff, would be necessitated to apply to a chancellor for an injunction to stay proceedings at law, and compel the plaintiff to make him a deed; and the question is, whether, with the evidence in this case before him, a chancellor would make such decree.

As you have frequently been told by the counsel, the statute of frauds requires that every contract for an estate in land, exceeding a lease for three years, must be in writing; and although it may be doubted whether courts of equity have done well in relaxing the rigid requirements of this statute, yet it is too well settled to be now disputed, that where money has been paid and possession given, in pursuance of a parol contract for the sale of land, equity will enforce the specific execution of the contract, on the ground that, to suffer a man who has received his money to take both money and land, by pleading the statute of frauds, would be making the statute itself, the instrument of fraud which it was made to prevent. But it is plain, that the person who applies to a chancellor, alleging such a case, has the burden of proof thrown

[Haslet v. Haslet.]

on him.  For, as the statute was made to avoid the frauds and perjuries which would be likely to result, should the title to lands be suffered to be divested by mere parol proof, and as the charge made by the complainant against the defendant is that of a gross fraud, it would be contrary to all correct principle, not to require of him the most full and satisfactory evidence of the facts alleged as entitling him to the interference of the chancellor.

Has the defendant, in this case, made such a clear and distinct proof of a parol contract for the land in dispute, the payment of the purchase money or part of it, and delivery of possession in pursuance of such contract, as to leave no doubt on the minds of discreet and reflecting men; so that, in deciding the specific execution of this contract, a chancellor could feel certain he was hindering, not helping, a fraud?  For you must observe, as the burden of proof is on the defendant, if, on the whole case, it is left doubtful where the truth lies, your verdict must be against him.

And, 1st. What is the proof of the parol contract and payment of money?  We have no evidence from any one who was present when any contract was made between the parties, or saw any consideration pass between them.  Two witnesses relate conversations held with plaintiff, some eighteen years ago, and two only, Archibald Haslet and Robert M'Pherson, are found, who, in the course of eighteen years, have heard the plaintiff acknowledge a sale of the premises to the defendant; and these two do not agree, for one of them speaks of it only as a loan of money, for which plaintiff might take land if he chose.    (See testimony.)

It must also be observed, that this is, in all cases, a most "unsatisfactory species of evidence, on account of the facility with which it may be fabricated, and the impossibility of contradicting it.   Besides, the slightest mistakes or failure of recollection, may totally alter the effect of the declaration."  2 *Johns. Ch.* 412.

But vague and unsatisfactory as this proof of the contract and payment of money is, yet, if the defendant has proved that the conduct of both the parties, since the time of the alleged contract, has been such that it can only be reconciled on the supposition of the truth of a fact, he may give a credence to this testimony, of which it would otherwise be wholly unworthy.   If the defendant took possession of the land at the time or soon after the alleged contract; if, since that time, he has held it and improved it as his own; had a line run or a boundary fixed; if he has held exclusive possession of the part claimed, as his own, with no interference or claim of the plaintiff for so many years; such acts would speak louder, and be more satisfactory proof, than a volume of loose conversations related from recollection of witnesses.

But if the defendant has never had the boundary of his claim fixed or recognized by the plaintiff; if he has never had exclusive possession of the land claimed to have been purchased; if he farmed the land in dispute in common with the other lands of plaintiff

VI.—3 I

[Haslet v. Haslet.]

as his tenant; if he paid rent to plaintiff for this as for the rest of his land; if he cut wood, hauled coal, exercised the same acts of ownership over the whole tract as well as the land in dispute, making no distinction; if he has never had his thirty acres cut off to him, or any certain boundary fixed; it is plain, that the parol testimony of a contract and payment of money would be left so unsupported that no reliance could be put upon it.

It is clearly proved, that defendant has made considerable improvements on the land, but these he might have made had he been tenant. Some proof is also before you, that William assisted in making the improvements which would tend to corroborate that idea. The witness, Stark, who speaks of their first clearing, and who says he understood Samuel was to have a part of the land, and that a certain walnut tree would be on the line, proves that the clearing made was without regard to any line, and that Samuel cropped as tenant of William, and the clearing a joint frolic. No line has ever been run or certain boundary fixed, or regard paid to the walnut tree, nor agreement from which of thirty-two points of the compass the line would pass it. Caskey, a witness for defendant, proves the payment by defendant to plaintiff, of a share of the grain raised on the land in dispute, as rent, within five years past; if this be true, the tenancy of the defendant is established, and his claim without any just foundation. It has been said by defendant's counsel, that if defendant had a title, the payment of rent would not divest it; true it would not; but the fact now under inquiry is, whether he has in equity such a title, and if his possession of this land has all along been as a tenant to his brother, and not as a purchaser claiming the exclusive title, his acts most conclusively show, that there never was a purchase or a title. For, as already stated, the slender testimony of a contract and payment of money, would be wholly insufficient to claim that a chancellor should decree a conveyance, unless there is clearly made out a taking of possession under the contract, the claiming, holding, and improving the land adversely to the claim of the plaintiff.

The plaintiff has, also, given in evidence, an agreement between defendant and himself, by which defendant agreed to give up his possession and claim to plaintiff, on the 1st of April last. You have heard the testimony of John Haslet, as to how this paper came to be executed. The witness appears to have acted with laudable motives, though not with equal wisdom. Now, although, if the defendant had clearly a good title to the land in dispute, this agreement being executory, and without consideration, would be of little weight in a court of equity, and a specific execution of it would not be enforced, yet as it was made without the fraud or interference of plaintiff, on the defendant's own offer of terms of compromise, and made for the purpose of settling a dubious question, and litigation between brothers; although John may have over-persuaded him, or mis-stated the law, (and that is not

[Haslet v. Haslet.]

very clear that he did,) as we have no evidence that the defendant is weak or silly, (except the assertion of his counsel,) as it is most probably a just settlement of a dispute, I see no reason why he should not be held to it.

Upon the whole, while the court disclaim dictation to the jury, as to the credibility of witnesses, yet they believe it their duty to state to the jury, that if they believe all the witnesses, both for plaintiff and defendant, the defendant has not made out a case on which a chancellor would decree a specific execution, and their verdict should be for plaintiff.

But if the testimony be not true, that defendant held this land in common, and undivided from the other land of plaintiff and as tenant to plaintiff; if your minds are clearly satisfied by the evidence, that a contract was made and the money paid, and possession taken, in pursuance of such contract, and so held ever since; they may find for defendant. But they must remember if the proof of these facts is uncertain and equivocal, it is the defendant's misfortune, if not his fault, and you should find against him.

*M'Candless*, for plaintiff in error, cited 1 *Binn.* 216, 378; 2 *Serg. & Rawle* 352; 3 *Penns. Rep.* 364; 4 *Vez.* 720; 1 *Eden's Rep.* 508; *Mosely* 364; 1 *Serg. & Rawle* 150; 3 *Penns. Rep.* 307.

*Forward*, contra, stopped by the court.

PER CURIAM.—The direction given, was an accurate exposition of the law throughout; and as to the allegation of withdrawal of the cause from the jury, it is sufficient to say, there was not a scintilla of proof, that exclusive possession had been given or taken under the contract, even if there was one, insomuch that the plaintiff in error has been hopelessly driven to argue, that such possession is not an indispensable ingredient in a case for specific performance. In this state of the proofs, it was the duty of the judge explicitly to direct that the jury were bound by their oaths to find a verdict for the plaintiff.

Judgment affirmed.