## Baxter, Appellant, *v.* Doane.

*Vendor and vendee—Parol sale of land—Possession—Statute of frauds.*

Exclusive possession is an indispensable ingredient in a parol contract for the sale of land.

To pass title to land by a parol sale so as to constitute the equivalent of a decree for specific performance, possession must have been taken in pursuance of the bargain or contract. If possession was taken against the consent of the vendor and in the face of his violent opposition, the parol sale is barred by the statute of frauds.

Argued March 14, 1904. Appeal, No. 197, Jan. T., 1903, by defendant, from order of C. P. Bradford Co., Sept. T., 1900, No. 6, refusing to take off nonsuit in case of Ezra Baxter v. Allen A. Doane, Elizer C. Ely and John H. Brown. Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Ejectment for an interest in land in Springfield township. Before NILES, P. J., specially presiding.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*Rodney A. Mercur*, for appellant.—The possession taken by the plaintiff was sufficient: Riel v. Gannon, 161 Pa. 289; Brodhead v. Rainbold, 200 Pa. 618; Reed v. Reed, 12 Pa. 117; Billington v. Welsh, 5 Binney, 129; Parker v. Wells, 6 Wharton, 153; Lance v. Gorman, 136 Pa. 200; Smith v. Lessee of Patton, 1 S. & R. 80; Rhodes v. Frick, 6 Watts, 315; Pugh v. Good, 3 W. & S. 56; Milliken v. Dravo, 67 Pa. 230; Ballas v. Wolff, 11 Pa. Superior Ct. 150; Haslet v. Haslet, 6 Watts, 464; Jamison v. Dimock, 95 Pa. 52; Anderson v. Brinser, 129 Pa. 376.

*H. K. Mitchell* and *William Maxwell*, for appellee, cited: Hart v. Carroll, 85 Pa. 508; Haslet v. Haslet, 6 Watts, 464; Moore v. Small, 19 Pa. 461; Allen's Est., 1 W. & S. 383; Anderson v. Brinser, 129 Pa. 376; Jones v. Peterman, 3 S. & R. 543; Armstrong v. Armstrong, 3 M. & K. 45; Brawdy v.

Brawdy, 7 Pa. 157 ; Parker v. Wells, 6 Wharton, 153 ; Reno v. Moss, 120 Pa. 49.

PER CURIAM, April 11, 1904 :

This was ejectment by plaintiffs to recover possession of the undivided seven eighths of a farm in Springfield township, Bradford county. The court below was of opinion there was no evidence on the part of plaintiff which would warrant a recovery and directed a nonsuit, which it afterwards refused to take off and plaintiff brings this appeal alleging for error the refusal to take off the nonsuit. Was there any evidence which if submitted to the jury would have sustained a verdict ? There was considerable evidence of a sale by parol but to pass the title so as to constitute the equivalent of a decree for specific performance, possession must have been taken in pursuance of the bargain or contract. This has been so often decided that we need only cite the leading case, Haslet v. Haslet, 6 Watts, 464, " Exclusive possession is an indispensable ingredient in a parol contract for the sale of land."

What possession was taken ? Some time after plaintiff was notified he could not have the land he made some repairs to an old house and put some sheep in a fifteen acre field of the farm. From this he was driven away by defendant. If this possession had been taken in pursuance of the parol contract, it might have been constructively extended to the whole farm, but it was not in pursuance of the contract, on the contrary was against the consent of the vendor and in the face of his violent opposition.

There was an entire absence of such proof as would take the case out of the prohibition of the statute of frauds. The alleged possession instead of being exclusive of the vendor was at most what the law calls a " scrambling " one.

The assignments of error are overruled and the judgment is affirmed.