# Baldridge v. George, Appellants.

*Equity—Specific performance—Description of land.*

The essential basis of a decree for specific performance is a definite present agreement in regard to a specified piece of land, clearly designated as present to the minds of both parties, and to be conveyed by one to the other.   Without this basis there is nothing to take a case out of the general rule of law that the remedy for a contract unperformed is an action for damages. Every element of this essential basis must be clearly and fully established,· even where the contract is in writing and a fortiori where it is in parol.

A mere executory agreement to buy an unidentified house in the future for another person, cannot be specifically enforced.

A parol agreement cannot be specifically enforced by a daughter as· against her father's estate in the orphans' court where it appears that the only possession of the petitioner was as a part of the father's family, and that she made no improvements, nor paid any part of the purchase money.

Argued Oct. 10, 1906.   Appeal, No. 155, Oct. T., 1906, by defendant, from decree of O. C. Westmoreland Co., Nov. T., 1905, No. 150, awarding specific performance in case of Jennie G. Baldridge v. Homer J. George, Administrator of Isaac George, deceased, et al.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Petition for specific performance.   Before STEEL, P. J.

The petition of Jennie G. Baldridge averred:

That on or about January 3, 1903, "Isaac George entered into an oral agreement" with her, by which he was to purchase a house in Latrobe, sufficient in size for him and his wife and petitioner's family; that she agreed to keep and care for him and her mother during their lives; that he was to give her the property which he would and afterwards did purchase, the property being described in the petition; the same to be hers in fee simple at the time of his death.

That on February 17, 1903, Isaac George did buy a property, by articles, and still later obtained a deed for it; that she moved to this property April 1, 1903, and the same day George and wife came to live with her.

That she provided, cared for and maintained both father and mother until her father's death, on January 3, 1905, at consid-

erable expense, and that he died intestate, never having conveyed to her this property.

That she was still maintaining her mother, and was ready and willing to do so as long as she lives, and otherwise to perform this parol contract on her part.

The court entered a decree awarding specific performance.

*Error assigned* was the decree of the court.

*James S. Moorhead,* with him *Robert W. Smith* and *James B. Weaver,* for appellants.

*H. Clay Beistel,* for appellee.

PER CURIAM, January 7, 1907 :

The essential basis of a decree for specific performance is a definite present agreement in regard to a specified piece of land, clearly designated as present to the minds of both parties, and to be conveyed by one to the other.    Without this basis there is nothing to take a case out of the general rule of law that the remedy for a contract unperformed is an action for damages. Every element of this essential basis must be clearly and fully established, even where the contract is in writing and a fortiori where it is in parol.

In the present case this essential basis is wholly wanting. The petition sets out and the learned judge below finds as a fact that the contract, if it be so considered, between the petitioner and her father was made in January, 1903.    It did not relate to any house that the father then owned, nor to any house present to the mind of either party.    It was that " he would purchase a house suitable for himself and wife and Jennie G. Baldridge (the petitioner) and her family."    It was at the utmost an executory agreement to buy a house in the future.    If he had never bought such house there never would have been any subject-matter on which this proceeding could operate, and the fact that he did subsequently select and purchase a house did not carry it back and make it a defined and designated subject of the previous agreement.

The petitioner's case thus fails in its essential foundation. But even if this difficulty could be got over the evidence falls

far short of what is required to entitle a parol agreement to specific enforcement. The petitioner did not show possession taken by herself. The possession in accordance with the title was in the father, who paid the taxes and was in fact as in law the owner, and such possession as the petitioner had was subordinate to his as part of his family. No improvements were shown to have been made by her, nor any payments on account of purchase money. There was nothing at all to show that a failure to enforce the contract would be inequitable in the sense required. So far as the evidence discloses it was merely a parol promise to make a gift. But even if regarded as a contract there is nothing at all to show that the breach could not be adequately remedied in damages on a quantum meruit.

It is not necessary to go so far as appellant argues that the petition for partition should operate as an estoppel against the present claim of the petitioner. She may have been differently advised as to her rights in regard to the house, and it does not appear that any of the other parties have been led to act to their disadvantage. But the petitioner's sworn statement of the title to the house in the partition proceedings is strong evidence that her present claim is an afterthought no better founded in fact than it is in law.

Decree reversed and petition dismissed with costs.