## Kitzmiller v. Thun et al.

*Equity — Specific performance — Vendor and vendee — Specified piece of land.*

1. The essential basis of a decree for specific performance of an agreement to sell real estate is a definite present agreement in regard to a specified piece of land, clearly designated as present to the minds of both parties and to be conveyed by one to the other. In the absence of clear and full proof of every element of this essential basis, the remedy for a contract unperformed is an action for damages.

2. A chancellor can only enforce an agreement specifically where the parties have agreed definitely on all its terms and left nothing to the future but mere performance.

Preliminary objections to bill. C. P. Berks Co., Equity Docket, 1925, No. 1415.

*John B. Stevens,* for plaintiff; *Snyder, Zieber & Snyder,* for defendants.

RICHARDSON, J., April 20, 1925.—The plaintiff in this case filed a bill in equity for a decree of specific performance of an alleged real estate agreement. To this bill the defendants have filed answers preliminarily objecting to the plaintiff's bill, which form of pleading under the new equity rules has been substituted for and taken the place of a demurrer.

The alleged agreement is set forth in the plaintiff's bill as having been made sometime in October, 1921, between himself and certain of the defendants through their alleged agent. It is not averred that said agreement was in writing, and no copy of any written agreement or part thereof is set forth or attached to the plaintiff's bill.

The real estate or tract of land to which the plaintiff lays claim is designated or described in said alleged agreement in paragraph "Third" of plaintiff's bill as follows: "A portion of the land to be purchased from the said Nurseries Company (89.1 acres) up to 15 acres, the location to be determined after plans of development of the land purchased (89.1 acre tract) were completed, and the sale price to be based on cost price plus the carrying charges, plus the proportionate part of the developments and improvements. . . ." In paragraph "Fifth" of plaintiff's bill there is an attempt to supplement this description by setting out the exact metes and bounds of a tract of 14.48 acres which plaintiff now alleges "he is desirous of selecting." But this exact description is not a part of the alleged agreement on which plaintiff's whole case is based.

The defendants in their answers, among other very material objections to the plaintiff's bill, contend that the said alleged agreement as set forth above is unenforceable by decree of specific performance in equity because of its uncertainty, incompleteness and indefiniteness with regard to the identity of the subject-matter, time of performance and price or consideration.

It is not necessary in this case to go farther than to examine into the objection regarding the identity of the subject-matter of this alleged agreement— that is, the land intended to be covered by it. In the opinion of the court, this objection is well taken and must be sustained. There is no question of the uncertainty, indefiniteness and incompleteness of the description of this piece of land. Both the size and the location of the particular tract upon which plaintiff was to be given the option were left uncertain and undetermined in his alleged agreement. As to size, it was "up to 15 acres." As to location, it was "to be determined after plans of development of the land purchased (89.1 acre tract) were completed." By whom was the location "to be determined?" Certainly not by the plaintiff alone. The defendants, who were parties to the purchase of the larger tract of 89.1 acres, and who alone had the right to make plans of development for this tract, must have been intended to have some voice in the determination of the particular tract on which the plaintiff was to be given an option. Otherwise, there would be no reason why the determination of the location should be postponed until "after plans of development . . . were completed." If this were not true, the plaintiff could in the very beginning have selected his tract "up to 15 acres" without consulting the defendants and without regard to the completion of their plans of development.

It is a settled rule in equity that the specific performance of a contract will not be decreed unless its terms are clear and capable of ascertainment from the instrument itself: Story's Eq. Juris., § 767. Courts of equity will not ordinarily entertain bills for the specific performance of contracts with variations and additions, or new terms to be made and introduced into them

by parol: Story's Eq. Juris., § 770; Hammer *v.* McEldowney, 46 Pa. 334 (1863).

The essential basis of a decree for specific performance is a definite present agreement in regard to a specified piece of land, clearly designated as present to the minds of both parties, and to be conveyed by one to the other. Without this basis there is nothing to take a case out of the general rule of law that the remedy for a contract unperformed is an action for damages. Every element of this essential basis must be clearly and fully established, even where the contract is in writing and, a *fortiori*, where it is in parol: Baldridge *v.* George, 216 Pa. 231 (1907); Brown *v.* Hughes, 244 Pa. 397 (1914).

A chancellor can only enforce an agreement specifically where the parties have agreed definitely on all its terms and left nothing to the future but mere performance: Agnew *v.* Southern Avenue Land Co., 204 Pa. 192 (1902). The whole opinion of Mr. Justice Mitchell in this case is directly in point:

"The memorandum in writing on which appellant's bill is founded is, unfortunately, wanting in that complete and definite character which is necessary to enable a court of equity to decree specific performance. The bill supplements the memorandum by describing the land as 'lot No. 1 in a plan since laid out by the defendant company of record, etc., setting out the metes and bounds.' It may be conceded that if the memorandum itself had so described it, the court might have resorted to the extrinsic evidence of the plan to identify the subject-matter. But the bill only expresses what the plaintiff desires the contract to mean. The memorandum itself not only fails to identify the land in question, either in terms or by reference to an existing plan, but it shows affirmatively that the precise size, location and boundaries of the intended purchase were left to future agreement or determination. The decisive language is: 'The size of the lot of ground secured or intended to be secured by Mrs. Agnew to be determined hereafter and to conform to the general plan, regarding the convenience and economy, hereafter to be laid out and established.'

"The definite terms of the contract were thus expressly left for the future action of the parties. A refusal to perform may make a party liable for damages, but does not subject him to the obligation of specific performance. A chancellor can only enforce an agreement specifically where the parties have agreed definitely on all its terms and left nothing to the future but bare performance."

There is no material distinction between the above case and the case at bar. In fact, the case at bar is even weaker, since the alleged agreement of the plaintiff is not even in writing.

Without considering, therefore, the other objections raised by the various defendants to the plaintiff's bill, in the opinion of the court, the plaintiff's case fails in its essential foundation. There is no specified definite piece of land covered by the alleged agreement. The agreement, therefore, is unenforceable by decree of specific performance of a court in equity. The answers of the defendants with regard to the particular preliminary objection to the plaintiff's bill herein discussed must be considered good and, therefore, sustained.

And now, to wit, April 20, 1925, the court, upon due consideration, sustain the preliminary objection in the answers to the plaintiff's bill as discussed in the foregoing opinion, and the plaintiff is hereby required to amend his bill accordingly within thirty days from this date, otherwise the said bill to be dismissed, with costs.

From Wellington M. Bertolet, Reading, Pa.