## Morrish et al. *v.* Price et ux., Appellants.

*Contracts—Oral agreement—Giving land for services—Exclusive possessions—Improvements—Act of March 21, 1772, 1 Sm. L. 389 —Ejectment—Possession.*

1. An oral agreement to give land as compensation for services to be rendered is unenforceable, because of section 1 of the Statute of Frauds of March 21, 1772, 1 Sm. L. 389, unless it is followed by the taking of exclusive possession of the land, and by the making of improvements which cannot be adequately compensated in damages.

2. Unless these facts appear, a recovery of damages is the only remedy for the breach of such an oral agreement.

3. One who is in possession of land by virtue of an unenforceable oral agreement, has no right to retain possession as against the real owner, even though such possessor has fully performed his part of the agreement.

4. An action of ejectment is the proper remedy to oust one from the possession of land by virtue of an unenforceable oral agreement.

Argued April 9, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 65, Jan. T., 1928, by defendants, from judgment of C. P. Luzerne Co., May T., 1926, No. 89, for plaintiff, on trial by court without a jury, in case of Olive Morrish et al. v. Frank H. Price et ux. Affirmed.

Ejectment for land in Wilkes-Barre. Before FULLER, P. J., without a jury.

The opinion of the Supreme Court states the facts.

Judgment for plaintiffs. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*W. A. Valentine,* with him *H. A. Gordon,* for appellants.—The taking of possession of the property by de-

fendant, Sadie Price, and the full performance of the contract by her relieved the contract from the operation of the Statute of Frauds: Lemmon v. Lemmon, 47 Pa. Superior Ct. 604; Graft v. Loucks, 138 Pa. 453; Hancock v. Melloy, 187 Pa. 371; Parry v. Miller, 247 Pa. 45; Riggles v. Erney, 154 U. S. 244.

Plaintiffs being the actors in the case and mere volunteers whose rights rise no higher than those of the decedent cannot invoke the Statute of Frauds as against defendant, Sadie Price, who has fully performed the contract: Dock v. Boyd & Co., 93 Pa. 92; Hall v. Savings & Trust Co., 220 Pa. 485; Houser v. Lamont, 55 Pa. 311; Burkhart v. Ins. Co., 11 Pa. Superior Ct. 280.

*C. B. Lenahan,* for appellee, cited: Hart v. Carroll, 85 Pa. 508; Miranville v. Silverthorn, 48 Pa. 147; Moyer's App., 105 Pa. 432; Wall's App., 111 Pa. 460; Postlethwait v. Frease, 31 Pa. 472; Rader v. Keiper, 285 Pa. 579; Wally v. Wally, 286 Pa. 413.

OPINION BY MR. JUSTICE SIMPSON, May 7, 1928:

In this action of ejectment both parties claim title through Albert G. Morrish; plaintiffs as his heirs at law, and defendants (as set forth in their pleadings), "by virtue of a certain parol agreement by and between said Albert G. Morrish and [them, in which he] promised and agreed to *give* to Sadie Price, one of the defendants, the aforesaid land......in consideration of ......her agreeing and undertaking to care for, nurse and maintain him as long as he lived......[which she did] continuously up to......the time of his death [intestate] on December 11, 1925."

The case was tried before the learned president judge of the court below without a jury, and he found as facts that "the oral promise [was] that if she would [care for him] until he died, she would then own the property"; that she kept her part of the agreement; "that no consideration in money for the promise was stipulated or

paid; nor were any improvements or repairs made by
defendants; nor were any taxes or rent on the property
paid by them, either before or after the death; nor did
they take exclusive possession, but on the contrary [de-
cedent] retained for himself exclusive use of two or
three rooms and the use of the remainder in common
with them, until his death, since which they have had
exclusive occupancy; nor in making their home with
said Morrish, was there any change in their mode of
living; nor was she [defendant Sadie Price] contractu-
ally bound to serve him for life, if she saw fit to termi-
nate the service before his death;......[and that] com-
pensation [for her services] could be easily figured in
dollars on a quantum meruit." Judgment was entered
for plaintiffs, and, on this appeal, defendants do not
challenge any of the above findings.

It will be observed that defendants' pleadings do not
aver that Mrs. Price was to "have" the property, but
that decedent was to "give" it to her in some unstated
way. As she was not to own the property until he died,
it is evident the only way he could then "give" it to her
would be by will, or by a deed, to be held in escrow and
delivered to her after his death. No such will or deed
was ever made, and for this default her only remedy is
a recovery of damages for breach of the agreement:
Miller's Est., 136 Pa. 239; Brown v. Hughes, 244 Pa.
397.

Defendants' claim is also unenforceable because of
section 1 of the Statute of Frauds of March 21, 1772, 1
Sm. L. 389, which provides that "All leases, estates, in-
terests of freehold or term of years, or any uncertain
interest of, in or out of any messuages, manors, lands,
tenements or hereditaments made......by parol, and
not put in writing, and signed by the parties so making
or creating the same, or their agents, thereunto lawfully
authorized by writing, shall have the force and effect
of leases or estates at will only, and shall not either in
law or equity, be deemed or taken to have any other or

greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding." Defendants urge that the statute does not apply to them, since they have given the consideration agreed upon. This is error, however, for the act says that no "consideration for making ......such parol......estate," shall enlarge it from an estate at will.

It is true there are cases which hold that a parol sale, followed by exclusive possession and the making of improvements which cannot be adequately compensated in damages, may be sufficient to avoid the effect of the statute. But here exclusive possession was not taken by defendants, they made no improvements, and the value of Mrs. Price's services can be "easily figured in dollars on a quantum meruit"; hence specific performance will not be decreed: Haslet v. Haslet, 6 Watts 464; Sage v. M'Guire, 4 W. & S. 228; Baxter v. Doane, 208 Pa. 585; Baldridge v. George, 216 Pa. 231; Wally v. Wally, 286 Pa. 413. But it is urged by defendants that they are not seeking specific performance of decedent's agreement, and therefore the statute should not be applied against them. They must go to the full extent required in actions for specific performance, however, for, unless they are entitled to have such a decree entered in their favor, they are in possession without even a color of right, and ejectment, which is a possessory action, is the proper remedy to oust them, in favor of plaintiffs who, in that event, have both the legal and equitable title. As defendants failed to show such a state of facts here, the action of ejectment was properly decided against them.

The judgment of the court below is affirmed.