Kapcia et al., Appellants, *v.* Lessig et al.

Argued April 27, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Daniel Marcu,* with him *Josef Jaffe,* for appellants.

*Simon C. Grossman,* for appellees.

OPINION BY BALDRIGE, J., July 10, 1936:

This is an appeal from the dismissal of a bill in equity praying for specific performance of an oral contract.

The chancellor found that in December, 1932, Mamie Pfeiffer requested Helen Ranson to live with and take care of her, and help maintain her home. In consideration therefor she orally agreed to make a will, wherein she would leave to Helen Ranson and her minor son her house at 2046 Coral Street, Philadelphia, together with all her other possessions. In January, 1933, this offer was accepted, and the plaintiffs lived with Mrs.

Pfeiffer, performing duties in accordance with the oral agreement, until her death on May 14, 1936.

Mrs. Pfeiffer failed to make a will or to convey the property to the plaintiffs. This bill in equity was filed, praying that the heirs at law be ordered to execute a deed for the premises to the plaintiffs, and for such further and other relief as may be deemed just and equitable. The chancellor granted the specific relief prayed for, to which decree exceptions were filed. Upon an argument before the court in banc, the exceptions to the conclusions of law were sustained, under the authority of Morrish et al. v. Price et ux., 293 Pa. 169, 142 A. 137, and the bill dismissed. With this action we can find no fault, as no proof was offered by the plaintiffs of exclusive possession and the making of improvements, and the services rendered could be adequately compensated at law.

In the Estate of Byrne, 122 Pa. Superior Ct. 413, the main issue involved was quite similar to the one at bar. The grandniece of the decedent claimed all her property under an oral agreement, providing that in consideration of the niece's living with and caring for her aunt, she would give her all her estate. We held there, following Morrish et al. v. Price et ux. supra, that the agreement was not enforceable under the Statute of Frauds of March 21, 1772, 1 Sm. L. 389.

In the recent case of Tetlow's Est., 321 Pa. 305, 184 A. 129, which the appellants assert supports their position, we find nothing that is conflicting with the above cases. It was proven there that the plaintiff had been a physical director and "health specialist" at the Battle Creek Sanitarium in Michigan, where the decedent had been a patient. She told him of a property she had in Pennsylvania which she agreed to sell to him after certain alterations were made. The plaintiff came to Pennsylvania after the property had been remodeled, which then consisted of a new building equipped as a

gymnasium, a house where the plaintiff and his mother resided, and another small house. He took possession of it, where he conducted a health center and had many patrons. He gave daily treatment to the decedent, who promised him an annual salary of $4,000, which was to accumulate in her hands and be applied to the purchase price of the property, which she agreed to convey to him at the end of 7½ years' service, and that if she died prior thereto, he would be protected by a devise in her will. He rendered services for 6 years, when the decedent died. It thus appears that the facts are entirely dissimilar to the case at bar.

The appellants argue further that if they are not entitled to specific performance of their contract, they are at least entitled to general relief, and that therefore the bill should not have been dismissed. We assume, although it is not expressly stated, that what the appellants had in mind was that they should have been awarded money damages. The difficulty with this position is that there was no proof of a definite nature offered of the value of the alleged services, or the extent of any financial loss that may have been sustained, upon which a court could have based an award for compensation. We might add that contracts for personal services are not ordinarily enforceable on the equity side of the court where no special skill is required and the value can be readily measured in an action at law: Williston on Contracts, §1450.

In view of what has already been said, it is unnecessary to discuss the alleged error of the chancellor in refusing to allow the administrator to be joined as a defendant.

The assignments of error are overruled, and the decree of the court below is affirmed, at appellants' costs.