## Richardson et al. *v.* Savage et al., Appellants.

236

Argued September 29, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James H. McHale,* of *McHale, Briddes & Matthews,* for appellants.

*James W. McLea,* with him *Maxwell H. Kratz,* of *Kratz & McLea,* for appellees.

OPINION BY JAMES, J., December 17, 1937:

This is an action in ejectment in which the defendants have appealed from a judgment entered on the pleadings for want of a sufficient answer.

James M. Richardson and Mary, his wife, became the owners by entirety of the land in question, by deed, dated June 20, 1921. James Richardson died March 17, 1933 and his wife died, intestate, on July 19, 1935, without having remarried, leaving to survive her two sons, plaintiffs herein, who filed a declaration and abstract of title showing their legal title as heirs-at-law of their deceased mother. Defendants' answer avers that James M. Richardson and his wife, together with

defendants, lived on the premises in question for seven years before his death; that after his death, his wife and defendants continued to reside on the premises. The answer further avers that Mary Richardson, during the last several years of her life, was paralyzed in both legs and was without means of support with the exception of the premises in question; and that subsequent to the death of James M. Richardson, plaintiffs entered into an oral agreement with defendants whereby they promised that if defendants would put forth whatever sums were necessary for the maintenance and care of plaintiffs' mother, they would give defendants, upon her death, the house which she owned; and that they would reimburse defendants for any sums necessary for the upkeep of the property. It was also averred that on various occasions the parties discussed the payment of bills for repairs, taxes, insurance, sickroom equipment, doctor's services, and the mother's funeral expenses; that on each occasion the plaintiffs repeated their request that defendants pay the bills and they would be reimbursed by them; and that in pursuance of this arrangement, defendants kept, boarded and nursed Mary Richardson until her death and expended $1,458.77—of which sum, $189.53 was for expenses incident to the upkeep of the property— and were reimbursed in the amount of $764.77, being moneys received from cash in the bank and the proceeds from three insurance policies. Defendants assert that they have been in possession of the premises since the death of plaintiffs' mother; that no rent has been paid by them; and that no demand for possession or rent was made until October, 1936, after they had demanded payment of the balance of moneys expended by them.

"In order to take a parol contract for the sale of its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the

lands out of the operation of the Statute of Frauds, boundaries and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract, and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. And it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust": *Hart v. Caroll*, 85 Pa. 508, 510; *Wright v. Nulton*, 219 Pa. 253, 256, 68 A. 707; *Rader v. Keiper*, 285 Pa. 579, 132 A. 824; *Morrish v. Price*, 293 Pa. 169, 142 A. 137; *Jordan v. Jordan*, 93 Pa. Superior Ct. 519; *Estate of Lena Hartzell*, 114 Pa. Superior Ct. 190, 173 A. 842; *Byrne's Estate*, 122 Pa. Superior Ct. 413, 186 A. 187. Defendants' answer does not aver that they took possession in pursuance of the contract at or immediately after it was made. It appears rather that they had lived in the home with its owners or owner for several years before the alleged contract was made. Nor was their possession exclusive after the contract was made, since the real owner continued to reside with them in the home until her death. These elements are essential to their case. Nor does the answer sufficiently aver that possession was accompanied by such improvements as cannot adequately be compensated in damages. The answer avers that whatever expenditures defendants made for improvements or repairs were to be repaid by plaintiffs; but it also appears that the moneys already received by defendants are in excess of such expenditures. This averment seems to bear no relation to the parol agreement for the premises, but indicates rather that the expenditures were based upon the promise of repayment by the plaintiffs. For the sums expended and the personal services ren-

dered to the mother, separate action for the value thereof may be available.

In addition to the obstacles, we have above detailed, the defendants are faced with a factual situation unlike any of the cases that have been referred to us, or that our independent search has revealed. In all of the cases, the alleged agreement was made with the real owner, while in the present case it was with the two sons, who at the time of the agreement had no interest whatever in the premises. It is only by virtue of the mother's intestacy that plaintiffs have the legal title. When the agreement was made, plaintiffs had no interest in the land, which defendants must have known, and their performance of the services and the expenditures of the moneys could have been based upon no other ground than the personal assurance of plaintiffs to reimburse them. In *Morrish v. Price,* supra, the facts are almost identical with defendants' averments in the case at bar, and it was there held that the alleged oral agreement was not sufficient to avoid the effect of the Statute of Frauds. *Tetlow's Estate,* 321 Pa. 305, 184 A. 129, upon which defendants place great reliance, is not similar on the facts with the case at bar. There the vendee moved into exclusive possession immediately after the making of the contract and in pursuance thereto. A definite price was fixed for the vendee's services, and he was given credit from time to time for his services as a payment on the price of the premises.

Defendants also raise the question whether a rule for judgment on the pleadings, being in the nature of a demurrer, takes the contract out of the Statute of Frauds by admitting the parol contract. Plaintiffs assigned as one of the reasons, in their rule for judgment for want of a sufficient answer, that the alleged oral agreement was not admissible as a defense to the action under the Statute of Frauds of March 21, 1772, 1 Sm. Law, 389, 33 PS §1. Under such a rule, the facts as

averred by the defendant must be assumed to be true: *Caryl v. Fenner*, 306 Pa. 379, 159 A. 716; but it does not follow that the plaintiff thereby waives his right to require that such oral contract be accompanied by such facts as take it out of the operation of the statute. Although the question was not squarely raised in *Rader v. Keiper*, supra, it appears that an answer, which was stricken off because it was filed too late, raised the question of a parol agreement for the sale of real estate. In the opinion of the Supreme Court, the averments of the answer were discussed at length and were held not to be sufficient to take the parol agreement out of the operation of the statute; and the action of the court below, in entering judgment in favor of the plaintiff on the pleadings, was affirmed. True, the court below in that case entered judgment for want of an answer, but the averments of the answer, although filed too late under the rule of court, were discussed both in the court below and in the Supreme Court, and they were held to be insufficient. Were we to rule otherwise, it would be impossible to raise the question of the Statute of Frauds in an ejectment suit until the defendant had presented his case at trial. This view is supported in *Sferra v. Urling*, 328 Pa. 161, 195 A. 422.

*Simmons's Estate*, 140 Pa. 567, 21 A. 402, relied on by defendants, was a case in which the vendor's executor petitioned the orphans' court for a decree of specific performance of a parol contract for land. Prior to his death, the vendee had paid part of the purchase price, had been in possession for several years, and had made valuable improvements. The representatives of the vendee's estate indicated their willingness to comply with the contract. The petition was resisted, however, by the vendor's widow and two of his children. The court said that "when a parol contract is fully set forth in the bill, and is admitted in the defendant's answer, a court of equity will enforce the specific exe-

cution of the contract." This statement cannot have been meant to apply to a case where the parol contract is objected to as contrary to the Statute of Frauds; but it must be considered in connection with the unusual facts of the case, the language of section 16 of the Act of February 24, 1834, P. L. 73, which provides for the specific performance of a parol contract where such parol contract shall have been so far executed that it would be against equity to rescind the same, and the findings of the master that every essential requisite of the statute was complied with by the vendee.

Judgment affirmed.