Bratsch *v.* McCarthy, Appellant.

Argued March 12, 1940.

Before KELLER, P. J., CUNNING-

HAM, BALDRIGE, PARKER, RHODES and HIRT, JJ. ▮

▮

*Lewis R. Long,* for appellant.

*Daniel L. McCarthy,* for appellee.

OPINION BY RHODES, J., October 2, 1940:

This is an action in ejectment. At the trial plaintiff submitted a point for binding instructions in his favor which was refused, and the jury rendered a "verdict in favor of the plaintiff upon condition that the plaintiff reimburse the defendant in the amount of $680.07." Thereafter plaintiff filed a motion for new trial, a motion to mold the verdict into a verdict for plaintiff, and also a motion for judgment n. o. v. The latter motion was granted, and judgment in ejectment for possession of the premises entered in favor of plaintiff by the court below. This appeal by defendant followed.

In his declaration appellee averred that he was the owner of premises at No. 911 Itaska Street, Bethlehem, Pa., by virtue of a deed from his mother, Josephine Bratsch, dated September 18, 1937, and duly recorded. He averred further that appellant was occupying said premises without right, and, so far as appellee was informed, without claim of title. The premises were pur-

chased by Josephine Bratsch on February 16, 1920, and the deed recorded on February 20, 1920, in the recorder's office in Northampton County. In her answer appellant denied that appellee was the owner of the real estate, and averred that she was entitled to possession by virtue of an oral contract and agreement between her mother, Josephine Bratsch, and appellant, wherein and whereby appellant was to occupy the premises in question during the lifetime of Josephine Bratsch, and upon her death the same was to be sold and the proceeds thereof divided, one-half to go to appellee and one-half to appellant, and in the event appellee predeceased appellant, leaving no issue, his share was to be paid to appellant; and that appellee was informed of appellant's claim of equitable title and right of possession. Appellee's evidence supported the record title upon which he relied. The evidence disclosed that appellant lived on the premises with her mother from the time it was purchased until her mother moved away on May 27, 1937.

As to the alleged oral contract and agreement upon which appellant relies, she testified as follows: "Q. What did your Mother say, what did you say, if anything, about that? A. Well, my Mother said if I would keep up and pay the different expenses, the interest, the taxes, the improvements, repairs, whatever repairs would be needed, I could have a home there as long as she lived and many times Mother said that, used the same remarks many times. ...... Q. When was that said? A. Well, your Honor, the exact dates I can't tell you but it was many times, I wouldn't recall what the dates were. Q. Lately, do you mean? A. No, from the very beginning when Mother bought the property ...... Q. Was there anything said as to what should happen with that property after your Mother died? A. Oh yes, it was supposed to be sold, she said it was supposed to be sold and Francis was supposed to get one-half and

I was supposed to get the other half. She also said she would like to do much more for me if she could for what I had done for her."

Appellant also testified that during the seventeen years she lived on the premises with her mother she expended seven or eight hundred dollars in fulfillment of the contract and agreement. Appellant's testimony as to the alleged oral contract and agreement, and as to the alleged payments in pursuance thereof, was contradicted by her mother. However, viewing the evidence in the light most favorable to appellant, the application of relevant legal principles thereto demonstrates that she is not entitled to recover anything from appellee, and appellee's point for binding instructions should have been granted, and consequently judgment in his favor n. o. v. was proper.

At the present time the only question at issue would be the right of appellant to occupy the premises in question during the lifetime of her mother, who testified at the trial, for, under appellant's own conception of the contract, the rest of it was not to be performed until the death of her mother. Giving the fullest implication possible to the contract sought to be established by appellant, her interest in the property during the lifetime of the mother would appear to be an estate pur autre vie. In any event, section 1 of the Statute of Frauds, Act of March 21, 1772, 1 Sm. L. 389, 33 PS §1, which is printed in the margin,[1] would be applicable. Ad-

---

[1] "From and after April 10, 1772, all leases, estates, interests of freehold or term of years, or any uncertain interest of, in, or out of any messuages, manors, lands, tenements or hereditaments, made ...... by parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding. ......"

mittedly, there is no written evidence of the contract, and the record does not contain evidence which satisfies the rules which have been laid down in those cases where a parol contract involving an interest in land has been enforced notwithstanding the statute of frauds. A resume of these rules is stated by President Judge RICE, speaking for this court, in *Olfsheskey v. Graham et al.*, 46 Pa. Superior Ct. 523, 527. Appellant's proof is not complete or satisfactory or indubitable as to the terms of the contract. When it was made is uncertain. It also fails to establish that she took possession pursuant to the alleged contract, and that such possession was exclusive; and it does not appear that such performance as appellant alleged she had made was not compensable in damages and such as would make rescission inequitable and unjust. *Richardson et al. v. Savage et al.*, 129 Pa. Superior Ct. 235, 195 A. 629. As was said in *Morrish et al. v. Price et ux.*, 293 Pa. 169, at page 172, 142 A. 137, at page 138: "Defendants urge that the statute does not apply to them, since they have given the consideration agreed upon. This is error, however, for the act says that no 'consideration for making ...... such parol ...... estate,' shall enlarge it from an estate at will.

"It is true there are cases which hold that a parol sale, followed by exclusive possession and the making of improvements which cannot be adequately compensated in damages, may be sufficient to avoid the effect of the statute. But here exclusive possession was not taken by defendants, they made no improvements, and the value of Mrs. Price's services can be 'easily figured in dollars on a quantum meruit'; hence specific performance will not be decreed: *Haslet v. Haslet*, 6 Watts 464; *Sage v. M'Guire*, 4 W. & S. 228; *Baxter v. Doane*, 208 Pa. 585 [57 A. 1062]; *Baldridge v. George*, 216 Pa. 231 [65 A. 662]; *Wally v. Wally*, 286 Pa. 413 [133 A. 627]."

There is no evidence in the record which would establish either a constructive or ex maleficio trust in appellant's favor. Appellant advanced no money for the purchase of the property, and there is nothing more in the relationship of the parties than is implied from the violation of a parol agreement. "If, therefore, the party who sets up a resulting trust made no payment, he cannot be permitted to show, by parol proof, that the purchase was made for his benefit or on his account. . . . . . . Nor would a subsequent advance of money to the purchaser, after the purchase is complete and ended, alter the case": *Nixon's Appeal,* 63 Pa. 279, at page 282. See, also, *Peel v. Peel,* 303 Pa. 397, 400, 154 A. 813. In support of her argument that a resulting trust was proved, appellant presents no legal or factual basis.

The parol contract upon which appellant relied was unenforceable. The legal title was in Mrs. Bratsch, free from any equity on the part of appellant, and the deed to appellee vested an absolute title in him.

Furthermore, the payments which appellant testified that she made while living with her mother, who, she admits, owned the property during that time, were not in relief of any obligation assumed by appellee, and therefore raised no equity in appellant's favor against him. This distinguishes *Adams and Smith v. Smith,* 19 Pa. 182, cited by appellant.

Judgment is affirmed.