## Williams v. Benzing

M. J. S. *Stoney*, for plaintiff.

S. *Walter Foulkrod, Jr.*, for defendant.

LEVINTHAL, J., July 11, 1945.—Complainant cannot have specific performance of the oral agreement on

which she relies by reason of the Statute of Frauds of March 21, 1772, 1 Sm. L. 389, 33 PS §1. The expenditures made by complainant in reliance on the oral agreement do not take the case outside the statute because: (1) There was no transfer of possession from defendant to plaintiff contemporaneously with the making of the said contract. It appears that complainant was an occupant of the premises for many years before that time. See Greenlee v. Greenlee, 22 Pa. 225 (1853), and Lincoln v. Africa, 228 Pa. 546 (1910). (2) Complainant's possession of the premises up to the time of her mother's death, on April 13, 1945, was not exclusive. She occupied the premises jointly with her mother, who owned the property with defendant as tenants by entireties. See Morrish et al. v. Price et ux., 293 Pa. 169 (1928).

Counsel for complainant argues (1) that by virtue of the oral agreement, she acquired a mere license to occupy the premises so long as she wished during the lifetime of her parents; (2) that the statute of frauds has no application to the creation of licenses; and (3) while such licenses are ordinarily revocable at will, defendant is estopped from now revoking the instant license because of the expenditures which plaintiff made on the faith of it.

The fallacy of complainant's argument arises out of the assumption of the premise that a mere parol license was created by the contract in the instant case. Shipley's Estate, 45 Pa. Superior Ct. 570 (1911), on which complainant relies to establish that point, is on its facts clearly distinguishable from the case at bar. There the court did not have before it the construction of any contract whatsoever, and no question of the application of the statute of frauds was involved. All that the court decided in that case was that where a testator by his last will directed that "my sister shall have the right to retain the use of my house", such provision did not confer any such interest in the premises on testator's

sister, as to subject it to the payment of inheritance tax as an estate in the land. It is true that the court also said that testator's will conferred on the beneficiary a mere license to occupy the premises as long as she wished, but the court pointed out that the reason for this conclusion was that (p. 572) "there was no intention to incumber the right or privilege thus conferred upon her with any of the incidental obligations that would attach to or flow from the creation of a life estate in her favor. It . . . [was] expressly provided [in the will] that the burden of taxes, repairs and expenses of maintenance, ordinarily to be borne by a life tenant, should be paid and discharged out of the revenues of the estate." The beneficiary therefore was held not to have acquired a life estate or lesser leasehold interest in the said premises. In the instant case we are not concerned with such a testamentary provision but rather with a contract under the terms of which complainant, in consideration of her being given the right to occupy the premises, expressly undertook to pay, inter alia, "all the charges for the repair and maintenance, including taxes and water rents of said premises". This is a provision for the payment of rent, an incident of a leasehold interest rather than of a mere gratuitous license as in Shipley's Estate, supra.

We think that the facts of the instant case bring it within the principles stated by the Superior Court in Bratsch v. McCarthy, 141 Pa. Superior Ct. 490 (1940), and that the oral contract in this case was not for a mere license, but was rather an attempt to create by parol a lease pur autre vie, coupled with a promise by defendant that he and his wife would not convey the premises so that, on the death of both of them, the said property would descend under the intestate laws to complainant and her brother. We rule that such an oral contract is within the statute of frauds.

However, if the facts are as plaintiff alleges them to be, complainant should, in good morals, equity, and

justice, be reimbursed for the moneys which she expended on the faith of the agreement. Moreover, with respect to so much of the moneys as was used to discharge liens or encumbrances against the said premises, including taxes and water rents, as well as judgments against defendant, complainant would appear to be entitled to subrogation to the rights of the lienholders whose claims were thus discharged, and would therefore be entitled to an equitable lien on the said premises to secure repayment of the said amounts so paid by her. Pending an adjudication of the precise amount of such equitable lien, she would also be entitled to an injunction to restrain defendant from creating any liens or encumbrances which might impair her rights.

We, therefore, enter the following

### Order

The preliminary objections to complainant's bill are sustained with leave to complainant to file an amended bill within 30 days.