## Jackson et al. v. Troop et ux.

*William B. Arnold,* for plaintiffs.

*Merrill L. Hassel,* for defendants.

SCHAEFFER, P. J., April 4, 1952.—In this ejectment proceeding plaintiffs filed preliminary objections to defendants' answer and ask for judgment on the pleadings. Plaintiffs' complaint sets forth that Leiper G. Jackson, one of the plaintiffs, is the owner of a farm containing 184 acres of land situated in Little Britain Township, Lancaster County, Pa., and an adjoining lot of ground of 68½ perches with a bungalow thereon erected. Leiper G. Jackson leased both premises to H. Andrew Jackson, the other plaintiff.

H. Andrew Jackson orally employed defendant, Charles Troop, as a farm laborer at a monthly wage of $110, together with the privilege of occupying with his family during his period of employment the bungalow premises. It is alleged by plaintiffs, and it is admitted in the pleading by defendant, that the employment of defendant by H. Andrew Jackson was at will with no fixed term. H. Andrew Jackson notified defendant that his employment was terminated and he gave defendants written notice to vacate the premises. It is averred that defendant had not performed any

farm labor for H. Andrew Jackson since September 28, 1951, and that both defendants have since had regular employment elsewhere, but have continued to occupy plaintiffs' premises. It is averred that defendant's employment was dependent upon defendant's satisfactory performance of his farm labor and that his work was unsatisfactory.

In Solomon v. Ford, 108 Pa. Superior Ct. 43, 48, it was decided that where it is agreed that the work must be done to the satisfaction of the employer, the judgment of the employer governs unless the objection is made from mere caprice and without reason for the mere purpose of avoiding liability. There is no denial in defendants' answer that Charles Troop's services were unsatisfactory. In defendants' answer it is averred, inter alia, that Charles Troop was injured during the performance of his duties as a farm laborer and while incapacitated he was notified to vacate. Charles Troop further avers that he was prevented by H. Andrew Jackson from performing his duties as farm laborer. Defendant admits, however, that he has found employment elsewhere.

In Weill v. Peifer, 28 Lanc. 308, in which dispossession proceedings were sustained, Judge Landis in his opinion said:

"It is true that the defendant was not a tenant in the sense that he was to return rent in money for the use of the leased premises. He was, however, to perform services on the farm, and the occupation of the house was an incident. In *Bowman v. Bradley*, 151 Pa. 351, Mr. Justice Williams held that, 'where a contract of hiring provides for a certain money compensation per day to the employee and a house to live in, the employee has no distinct right of possession of the house, for his possession is that of the employer, and it cannot survive the hiring to which it is incidental

or under which it is part of the contract price for the services performed'; that the right to continue in possession ended with the service. See, also, *Zinnell v. Bergdoll*, 19 Sup. Ct. 508."

In the instant case the proceeding was instituted by filing a complaint in accordance with Pa. R. C. P. 1051. In Anderson's Pennsylvania Civil Practice, vol. 3, pages 2 and 3, it is said: "The action of ejectment is the proper remedy to recover the possession of realty. . . . It may be maintained if the plaintiff has the right of entry and possession." Under the admitted facts in the case at bar the employment of Charles Troop, one of the defendants, by H. Andrew Jackson, one of the plaintiffs, was at will and the right of possession of the premises with the bungalow thereon erected was incidental to the employment and it cannot survive the services to be rendered under the contract.

Under the Pennsylvania Rules of Civil Procedure the procedure in an action of ejectment shall be in accordance with the rules relating to assumpsit. Pa. R. C. P. 1034 provides: "After the pleadings are closed . . . any party may move for judgment on the pleadings." In Richardson et al. v. Savage et al., 129 Pa. Superior Ct. 235, in an action of ejectment judgment was entered on the pleadings for want of a sufficient answer.

And now, April 4, 1952, the court enters judgment on the pleadings in favor of Leiper G. Jackson and H. Andrew Jackson, plaintiffs, and against Charles Troop and Alice H. Troop, defendants. It is ordered and directed that defendants, Charles Troop and Alice H. Troop, deliver immediate and exclusive possession of the premises in controversy to plaintiffs. An issue is framed for jury trial solely to determine the amount of damages, if any, to which plaintiffs are entitled by defendants' unlawful detention of possession of the premises in controversy.