# Brown, Appellant, v. Hughes.

*Practice, Supreme Court—Assignments of error—Exceptions—Assignments in equity cases—Decree.*

1. Assignments of error in an equity case must show that exceptions were taken to the matter assigned for error, and must show the action of the court below upon them. Assignments of error which merely repeat the exceptions taken in the court below, without showing what disposition thereof was made, are not in proper form.

2. An appeal may, on motion, be quashed where it appears that no decree was entered in the court below following the dismissal of exceptions to the findings of fact and law. An assignment of error in such case merely that the lower court erred in finding

against the plaintiff, and dismissing the bill of complaint, is not in proper form.

*Equity—Equity jurisdiction—Specific performance — Contract to devise land—Description—Remedy at law.*

3. The essential basis of a decree for specific performance of a contract to convey real property is a definite present agreement in regard to a specific piece of land, clearly designated as present to the minds of both parties, and to be conveyed by one to the other. Without this basis there is nothing to take a case out of the general rule of law that the remedy for a contract unperformed is an action for damages.

4. Plaintiff filed a bill in equity for specific performance of a contract alleged to have been made with him by decedent, his father-in-law, by which, in consideration of future services the decedent agreed to devise certain real estate to plaintiff and his wife. It appeared that the decedent had stated that he had made a will in favor of plaintiff and his wife, which, however, appeared to have been destroyed prior to decedent's death. The only written evidence of a contract produced by plaintiff was a letter referring to the matter, but not setting forth the subject matter of the contract with any degree of particularity; neither the location nor boundaries of the ground referred to were stated. *Held,* the writing was not sufficient to support a decree for specific performance and if the plaintiff had any right of action for the failure of decedent to devise the property to him and his wife, it could be adequately compensated by an action at law for damages, and the decree of the court below dismissing the bill was affirmed.

Argued Jan. 14, 1914. Appeal, No. 274, Jan. T., 1913, by plaintiff, from decree of C. P. No. 3, Philadelphia Co., March T., 1911, No. 4216, dismissing bill in equity in case of Wistar P. Brown and Wistar P. Brown, Administrator of Emma H. Brown, Deceased, v. Smith E. Hughes, Edward M. Hughes, and Julia A. Hughes and Edward M. Hughes, Executors of Smith E. Hughes, Deceased, Substituted Defendants. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for specific performance of contract to devise real estate. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the case. The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were various findings of fact and law of the trial judge.

*George W. Jacobs, Jr.,* with him *George B. Johnson,* for appellant.

*Charles C. Norris, Jr.,* with him *Henry T. Dechert,* for appellees.

OPINION BY MR. JUSTICE POTTER, March 9, 1914:

The record in this case shows that no final decree has been entered by the court below. In his adjudication the trial judge dismissed the bill and stated that unless exceptions to his adjudication were filed within fifteen days, a decree would be entered in accordance with the opinion. Exceptions were filed on behalf of plaintiff and these were subsequently dismissed, but no such decree as was provided for in the adjudication was entered. For that reason had the appellees moved to quash this appeal, the motion must have prevailed. Of the six assignments of error, the first, second, third and fifth were, that the learned court erred in finding certain things which were stated in general terms, and were not shown to have been the subject of any exception. A comparison of these assignments with plaintiff's exceptions shows that they are merely repetitions thereof, but there is nothing in the assignments to indicate this fact, or to show what disposition of the exceptions was made by the court below. In the fourth assignment an exception is again merely repeated, without saying what disposition was made of the exception. The sixth assignment is merely that, "the learned court erred in finding against the plaintiff and dismissing the bill of complaint." As stated above the record does not show the entry of any decree dismissing the bill. The assign-

ment of error in an equity case, must show that exceptions were taken to the matters assigned for error, and must show the action of the court below upon them. Yerger v. Hunn, 231 Pa. 245; New Cumberland Borough v. Riverton Consolidated Water Co., 232 Pa. 531; Chisholm v. Thompson, 233 Pa. 181. The bill in this case was filed upon the theory that a letter written by Smith E. Hughes to his daughter Emma H. Brown and her husband, Wistar P. Brown, constituted a contract by which in consideration of future services the father agreed to devise certain real estate to the daughter and her husband. The trial judge found as a fact that, "in this letter he (Smith E. Hughes) states that he has made a will in their favor." This will, however, was apparently destroyed. The letter which is the sole written evidence of any agreement as to this matter, does not set forth the subject matter of the contract with any degree of particularity. It evidently refers to the house in which the father resided when he wrote the letter, but neither its location, nor the boundaries of the ground are stated. It appears from the record that appellant and his wife lived in the house with his father-in-law for a time, but he did not maintain any possession thereof after his wife's death. She died October 15, 1910, and he left the house within a month from that date, apparently making no attempt to retain possession. If appellant has suffered loss by the breach of any contract between himself and his father-in-law, no reason has been shown why he may not be compensated therefor in damages. In Agnew v. Land Co., 204 Pa. 192, where the contract was held to be too indefinite to be enforced, Mr. Justice MITCHELL said: "A refusal to perform may make a party liable for damages, but does not subject him to the obligation of specific performance." In Baldridge v. George, 216 Pa. 231, the rule is again stated, per curiam, as follows: "The essential basis of a decree for specific performance is a definite present agreement in regard to a specific piece of land,

clearly designated as present to the minds of both parties, and to be conveyed by one to the other. Without this basis there is nothing to take a case out of the general rule of law that the remedy for a contract unperformed is an action for damages. Every element of this essential basis must be clearly and fully established, even where the contract is in writing and a fortiori where it is in parol." The writing upon which appellant relied is not sufficient to support a decree for specific performance. It would require parol testimony to determine the parties, that is as to the meaning of the word "you," as used by the father-in-law, to determine whether by that word he meant his daughter alone or both the daughter and her husband. It would also require parol testimony to determine the location and extent of the premises. Nor is it at all clear from the testimony that exclusive possession of the premises was ever obtained by appellant and his wife, and it is admitted that whatever possession was obtained, was not maintained. The court below was right in its conclusion that plaintiff cannot recover in this action.

The assignments of error are overruled and the appeal is dismissed at the cost of appellant.