## Shacklett's Estate.

Argued March 19, 1940. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Harold F. Mook,* with him *George M. Mason,* for appellant.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin* and *S. A. Sisson,* for appellees.

PER CURIAM, April 10, 1940:

Appellee's motion to quash the appeal, on the ground that it appears from the record that no definitive decree was entered by the court below, must be sustained.

The appellant, Sewall A. Barbee, and Minnie Morris Turner Barbee presented their joint petition to the orphans' court praying for a citation directed to the First National Bank of Erie, Executor of the will of Turner W. Shacklett, deceased, to show cause why it should not forthwith file a final account as executor in the office of the Register of Wills of Erie County. The remainder of the prayer, "and to proceed to make distribution of the balance in its hands among the parties thereunto entitled", was premature and anticipatory until it was determined that an account should be filed, and a balance was shown for distribution.

The citation issued, returnable on or before March 14, 1938, and commanded the executor to appear and show cause why it should not file a final account, as prayed for; and the executor in due course filed an answer, setting forth conditions which it deemed sufficient to warrant the dismissal of the citation.

A hearing was had and testimony taken, and on December 12, 1938, the court made the following order: "The Court, after due and careful consideration thereof

420

and in view of the statement made by the decedent on paper marked Exhibit A2, refuses to make an order directing further distribution at this time, and the prayer of the petitioner is denied." It will be noted that the order is not strictly responsive to the citation, and should have directed the executor to file a final account or dismissed the citation. A citation had issued pursuant to the prayer of the petition.

On December 14, 1938, in compliance with the rules of the Orphans' Court of Erie County, the petitioners filed the following exceptions to the foregoing order of the court:

"(1) That the Court erred in admitting Exhibit A-2 for the reason that the same was an unsigned memoranda [sic] and was not attached to or made a part in any way of the will of decedent.

"(2) The Court erred in refusing to direct further distribution of the estate at this time, for the reason that more than six years have expired since the death of the testator, Turner W. Shacklett, which said period constitutes a reasonable time for the settlement of the estate under the circumstances herein existing."

On March 11, 1939, the court dismissed the exceptions, and sealed an exception.

No final, definitive and appealable decree has been entered.

The practice is analogous to that in equity, where a decree nisi has been entered. If exceptions are filed to it, the dismissal of the exceptions does not constitute an appealable decree. An appeal lies only from the *final decree* entered in connection with or following the dismissal of exceptions: *Brown v. Hughes,* 244 Pa. 397, 399, 90 A. 651; *Condron v. Penna. R. Co.,* 233 Pa. 197, 82 A. 64; *Armstrong v. Espy,* 220 Pa. 48, 69 A. 69; *Watkins v. Hughes,* 206 Pa. 526, 56 A. 22.

In view of the state of the record, we shall not discuss the merits of the case.

Appeal quashed, at costs of appellant.