Gettemy et ux., Appellants, *v.* Homestead Association of Westmoreland et al.

476

Argued March 25, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Carroll Caruthers,* for appellants.

*Rabe F. Marsh, Jr.,* with him *Mitinger & Mitinger,* for appellees.

OPINION BY MR. JUSTICE JONES, April 14, 1947:

The plaintiffs, by their bill in equity, sought specific performance of an agreement in writing allegedly providing for their purchase of a certain tract of land situate in Westmoreland County, Pennsylvania. The defendants filed separate answers raising preliminary objections which the learned court below sustained. From the decree so entered, the plaintiffs appeal. For the purpose of reviewing the action taken by the learned court below, we necessarily accept all material facts and the favorable inferences therefrom as supplied by the bill of complaint whose averments are to be taken as true in the procedural situation obtaining: *Hunter v. McKlveen,* 353 Pa. 357, 359, 45 A. 2d 222.

In May 1936 the United States of America owned certain land in Mt. Pleasant Township, Westmoreland County, upon which it had erected a number of dwellings, the development being known as the "Westmoreland Homestead Project". On May 2nd of that year the United States entered into a written agreement (tabulated "Temporary Licensing Agreement") with the present complainants, James and Mary Gettemy

(husband and wife), concerning a particular lot and dwelling, designated in the plan of the Homestead Project as E-24. Pursuant to that agreement (which the complainants now assert is a contract for their purchase of the lot and dwelling), the Gettemys entered into possession of the premises and thereafter paid, as required by the agreement, a monthly rental of $13.50 down to and including June 30, 1946. The pertinent paragraph of the "Temporary Licensing Agreement" between the United States and the Gettemys, so far as sufficiency of proof of a specifically enforceable contract is concerned, is paragraph 7 which provides as follows: "7. *Purchase Agreement*—If, when the total cost of the community is determined, the Licensee shall desire to purchase the said property on such terms and conditions as shall be determined by the Government, and the Government shall desire to permit the Licensee to purchase said property, and a written agreement shall be entered into for such sale and purchase, all amounts paid by the Licensee under this Agreement shall be credited upon the purchase price as determined by the Government. Unless such a purchase agreement shall have been entered into, all payments made hereunder shall in every case be conclusively deemed to be an occupancy charge during the period the Licensee has been in possession."

On May 26, 1945, the complainants, through Mary Gettemy, one of the tenants by the entireties, sublet the premises to Joseph Seni, Jr., one of the present defendants, who thereupon entered into possession. On December 1, 1945, the United States, by a deed containing a clause protecting the rights of the occupants of the "Westmoreland Homestead Project", conveyed the lands of the Project to the "Homestead Association of Westmoreland", a non-profit corporation organized under the laws of Pennsylvania and the other defendant in the present proceeding. Concurrently with the conveyance last above mentioned, the United States also assigned and transferred to the "Homestead Association

of Westmoreland" its contract with the Gettemys together with all rights, and subject to all liabilities, thereunder. The monthly rental down to June 30, 1946, was paid by Seni to the assignee which, however, applied the payments so made to the complainants' original agreement with the United States. On March 30, 1946, the Gettemys terminated their lease to Seni who refused to vacate the premises. Thereupon they instituted proceedings before an alderman for summary possession which resulted in a judgment in their favor against Seni from which he failed to appeal within the time allowed by law. On May 1, 1946, the complainants notified the "Homestead Association of Westmoreland" of their election to purchase the lot and dwelling, designated E-24, in accordance with their interpretation of their agreement of 1936 with the United States; and, on July 10, 1946, at a meeting of the Association (a quorum being present), the members voted and directed the corporation to convey the lot and dwelling to the Gettemys. The directors refused to comply. The complainants then instituted the present proceeding with a view to enjoining the "Homestead Association of Westmoreland" from mortgaging or encumbering the described property in any way and from selling or conveying it or any part thereof to the defendant, Joseph Seni, Jr., or to any person other than the complainants. In sustaining the preliminary objections filed by the defendants, the court below ruled (1) that as a matter of law the written agreement was not a contract for the purchase and sale of real estate and (2) that insofar as the claim against the defendant Seni is concerned, the complainants have a full, adequate and complete remedy at law.

The appellants' principal contention is that the written agreement between them and the United States constitutes a specifically enforceable contract for the sale and purchase of the property described. On that question, we are in complete agreement with the court

below. As a basis for a decree of specific performance, it is essential that there be a definite present agreement in writing, every requisite element whereof is clearly and fully set forth therein: *Brown v. Hughes,* 244 Pa. 397, 400-401, 90 A. 651. Stated otherwise, the writing must definitely and conclusively evidence a meeting of the minds of the parties on all requisite terms of the agreement,—nothing can be left to the future except actual performance: *Agnew v. Southern Avenue Land Company,* 204 Pa. 192, 194, 53 A. 752. The assumed facts of the instant case do not show such a situation to exist here. The only writing asserted by the appellants to constitute a contract for the sale of the lot and dwelling in question is the agreement of May 2, 1936. But, that agreement is hardly other than what it is designated as being, viz., a "Temporary Licensing Agreement". At best, it is no more than a lease with a possible right to prospective purchase. Paragraph 7 of the agreement clearly contemplates that a contract for the purchase and sale of the subject realty might be entered into at some future time when the circumstances and conditions actually experienced by the Project would then be known and could be reflected in the terms embodied in a contract to be drawn. Nowhere does the agreement of May 2, 1936, purport to bind the United States irrevocably to sell the property to the Gettemys, should the Government feel that such a sale would not be for the best interests of the community project of which the property in controversy is a part. As a matter of fact, the agreement indicates a contrary intention. And, the deed from the United States to the "Homestead Association of Westmoreland" for the whole of the Project, which the bill of complaint specifically pleads, adds further confirmation of the correctness of the conclusion that the parties to the agreement of May 2, 1936, both knew and understood that subsequent action by them would be necessary to effectuate a sale of the property by the United States to the Gettemys.

As to the complainants' right to amend their bill, the rule is as they contend (citing *Compton v. Heilman,* 331 Pa. 545, 1 A. 2d 682) that a pleading need merely allege matters to be established at trial and not the proofs whereby such matters are to be established. In the present instance, the verity of the bill's averments and their reasonable intendments, including all facts and circumstances extrinsic as well as intrinsic to the agreement of May 2, 1936, is necessarily assumed. Consequently, no factual controversy is present. The only written agreement proffered by the complainants was before the court in its completeness and entirety. Additional allegations could not possibly operate to augment the terms of the agreement which, being in writing, speaks for itself. The only question concerning the agreement, upon consideration of all of its terms, is as to its legal sufficiency for the purpose ascribed to it by the complainants. In such circumstances, leave to amend could avail the complainants nothing. It is true that a pleader's right to amend is ordinarily accorded liberally, but it is not error for a court to refuse an immaterial, superfluous or otherwise ineffectual amendment.

The appellants' final complaint is that the court below, upon sustaining the preliminary objections to the bill, did not certify the case to the law side of the court. There is no merit in the suggested grievance. Equity Rule 49 provides that ". . . if the *only* objection sustained is that plaintiff has a full, complete and adequate remedy at law, the bill shall not be dismissed, but shall be certified to the law side of the court for further proceedings . . .". (Emphasis supplied). Obviously, the rule is without present pertinency so far as the defendant Association is concerned. That the complainants had a full, complete and adequate remedy at law was not the Association's *only* objection to the bill. Indeed, it was not even the principal ground advanced by the Association which the court below sustained, viz., that the com-

plainants had failed to plead a contract for the sale to them of the property in question. As to the defendant Seni, the complainants had already obtained a judgment at law against him, according to the averments of their bill, in respect of his possession of the property. Appropriate process for the execution of that judgment, and not a certification of the bill of complaint to the law side of the court, constitutes the complainants' proper remedy against Seni.

The decree is affirmed at the appellants' costs.