## Connell v. Blake

*Banks & Banks*, for plaintiffs.

*William Jay Leon*, for defendants.

ALESSANDRONI, P. J., July 13, 1956.—This is an action in equity for specific performance of a contract for the sale of premises 121-123-125-127-150-161 North Dearborn Street, Philadelphia. The complaint also seeks a money judgment in the amount of $1,200, the sum of the commissions allegedly lost by plaintiff real estate brokers. The action was indexed lis pendens. Defendants filed preliminary objections raising two questions: (1) The contract is executory, was made on Sunday and, therefore, cannot be specifically enforced; (2) the contract lacks consideration.

The complaint avers that Catherine Blake, the real owner of the above premises, orally authorized plaintiff Connell to obtain a purchaser for the premises in question; thereafter Catherine Blake executed a writing addressed to Mrs. Connell confirming the previous

oral instructions; the writing is dated January 15, 1956; it is attached and marked exhibit "A". This document is the basis for the prayer for specific performance. During the week previous to January 15, 1956, pursuant to the oral instructions alleged, plaintiff Connell engaged plaintiff Landsberg as a co-operating broker. Lansberg, in association with plaintiff William Forman, attempted to effectuate a sale.

Plaintiffs aver that they obtained a buyer, namely, plaintiff Sylvia Brenner; plaintiffs Landsberg and Forman prepared, and Sylvia Brenner executed, an agreement of sale; a deposit of $1,500 was paid over to Forman Realty Co. Plaintiff brokers were to be compensated by the purchaser. The agreement is attached and marked exhibit "B", a copy of the check is marked exhibit "C". Exhibit "B" was executed by Sylvia Brenner only.

The complaint seeks specific performance of the writing attached and marked exhibit "A". This writing addressed to Mrs. Connell reads as follows:

"I hear by agree to accept $19,380.00 for the purchase of 121-123-125-127-150-161 N. Dearborn Street; all cash & no commission to be paid by me.

(sgd) Catherine Blake,<br>real owner

Signed 1/15/56."

Defendants' objections attack this agreement as being unenforceable because it was made on Sunday, in violation of The Penal Code of June 24, 1939, P. L. 872, sec. 699.4, 18 PS §4699.4, and that there is no consideration for the writing.

Plaintiffs argue that the only question for disposition is that of the enforcement of an executory contract which was made on a Sunday. A consideration of the record leads to the conclusion that plaintiffs have assumed too much.

596

The record fails to reveal that the cause of action pleaded by plaintiffs Connell, Landsberg and Forman is one cognizable in equity. The action is one for the recovery of a commission, an action at law for money damages. Unless the action of these plaintiffs is properly joined with that of plaintiff Brenner, there is no equity jurisdiction for the claim.

Plaintiffs Connell, Landsberg and Forman presumably are acting under the rule that if equity jurisdiction attaches, the court will retain jurisdiction for all purposes, even though part of the relief prayed for may not be cognizable in equity.

Plaintiffs Connell, Landsberg, Forman and Brenner do not have a joint interest and their complaints do not fall within the provisions of Pa. R. C. P. 2227 prescribing compulsory joinder. Rule 2229 permits permissive joinder of plaintiffs "if any common question of law or fact affecting the rights to relief of *all such persons* will arise in the action". (Italics supplied). Plaintiffs' action for commissions rests on their agency contract with Catherine Blake; plaintiff Brenner's cause rests on the alleged contract with Mrs. Blake for the sale of the property. The contracts are two separate and distinct transactions, unconnected except for defendant Mrs. Blake. The complaint is manifestly multifarious.

The question of multifariousness is within the discretion of the court: Zoni v. Importers & Exporters Ins. Co. of New York, 338 Pa. 165. The complaint in this case has misjoined two causes of action; the complaint of the brokers is manifestly an attempt to enforce a legal claim in equity, by coupling it with a prayer of another for specific performance and thereby obtaining the indexing of the $1,200 as lis pendens.

We raise the question upon our own motion. Failing to do so would be tantamount to allowing parties to confer jurisdiction by agreement. This they may not

do. Jurisdiction over the subject matter cannot be conferred by agreement: Schleifer v. Zoning Board of Adjustment, 374 Pa. 277.

We consider now the complaint for specific relief. The writing signed by defendant Blake on January 15, 1956, is the basis for the prayer for specific performance. An examination of the document is necessary to determine whether it is a sufficient memorandum under the statute of frauds to support a decree in plaintiffs' favor. Significantly the complaint fails to request specific performance of the agreement of sale dated January 13, 1956. We now test the writing to ascertain whether it meets the requirements of the statute of frauds.

The writing must meet certain requirements: (1) It must contain every requisite element; (2) it must be specific enough to display definite and conclusive evidence of a meeting of minds; (3) nothing need be done in the future but actual performance: Gettemy v. Homestead Assn., 356 Pa. 475.

Standing alone the writing does not contain every requisite element. The purchaser is not named nor are any other essential terms which must be set forth in a contract for the sale of real property. It does not disclose definite and conclusive evidence of a meeting of the minds. In order to ascertain the requisite elements it will be necessary to resort to parol evidence, which converts the entire contract to a parol contract: Brown v. Hughes, 244 Pa. 397.

The complaint carries at first glance the impression that the writing was executed in response to the presentation of the offer of Sylvia Brenner. The complaint clearly reveals the falsity of the impression. Paragraph 12 of the complaint reads as follows:

"Shortly after January 15, 1956, plaintiff, Kay G. Connell, submitted the above-mentioned Agreement

of Sale and check for deposit to the defendant, real owner, Catherine Blake".

It is obvious that the writing signed by defendant Blake was not intended as an acceptance of Brenner's offer. That plaintiffs realize this is obvious from their prayer that defendant Blake be ordered to sign the agreement of sale. Of what efficacy is defendant's signature on the agreement of sale if there is a contract which will support a decree?

It is not necessary to determine as a matter of law what is the significance of the writing. It is enough to determine that the writing is legally insufficient. The writing cannot stand alone. Parol testimony which would be absolutely essential destroys the effect of the writing. The pleaded facts establish beyond doubt that the writing as a matter of law does not constitute a contract which can be enforced. If plaintiff Brenner has to establish by parol that the writing addressed to defendant's agent was an acceptance of her offer, there is no contract.

In view of our conclusions the Sunday contract objection becomes academic.

Since the complaint has fully set forth the instruments relied upon for a decree of specific performance, nothing is to be gained by allowing plaintiffs to amend.

"Additional allegations could not possibly operate to augment the terms of the agreement which, being in writing, speaks for itself . . . In such circumstances, leave to amend could avail the complainants nothing": Gettemy v. Homestead Assn., supra.

### Order

And now, to wit, this July 13, 1956, the complaint of plaintiffs Connell, Landsberg and Forman is severed and certified to the law side.

2. The complaint of plaintiff Brenner is dismissed.

3. The indexing of lis pendens is hereby ordered stricken off.

4. Costs to be paid by plaintiffs.