## Charles v. Crestview Properties

*Shelley, Reynolds & Lipsitt,* for plaintiffs.
*Nissley, Cleckner & Fearen,* for defendants.

SOHN, J., December 2, 1957.—We have before us an action in assumpsit containing three counts, all of which arise from the same factual background and all of which seek a common remedy.

From the complaint it appears that the two individual defendants, George W. Tule and Warren E. McDevitt, Jr., were the developers of a certain tract of land known as "Crestview Manor", located near Hummelstown. From January 28, 1954, until July 9, 1954, it is alleged that they sold certain lots in the development and that each of them orally promised the purchasers prior to sale that within a reasonable time the roads and streets, as indicated on the plans of the de-

velopment, would be surfaced with a hard, black, asphaltic substance or derivative, to a width of approximately 33 feet. The plans are recorded in the recorder's office for Dauphin County. The two individuals aforesaid formed a corporation known as "Crestview Properties, Inc." and subsequent to July 9, 1954, made sales to various individuals, acting as agents or employes of the corporation, after having made the same representations as to surfacing the roads and streets as above outlined. Plaintiffs aver that they were induced to purchase by these promises and representations, relied on them and have built homes and incurred mortgage obligations in connection therewith.

Plaintiffs have brought the action on behalf of themselves and all persons who purchased lots in the development. The remedy they seek is money damages in an amount necessary to pay the cost of surfacing the streets and roads as promised them.

To the complaint defendants, to wit, the two individuals and the corporation formed by them, known as "Crestview Properties, Inc.", have filed preliminary objections. The first objection is a motion for a more specific complaint, the second is under the heading of a motion to strike off the complaint, the third is a motion to dismiss it for lack of jurisdiction and the last is in the form of a demurrer.

The motion for a more specific complaint contains 17 reasons in support thereof, but many of them are repetitious. The same objections are made to each count. The first objection is that "the defendants are unable to ascertain from the general averment to which purchase the plaintiffs are referring for the reason that several purchasers in the development bought and resold property between the various parties and that all the purchasers are not included in this action and that to properly prepare a defense, the defendants must know to which purchasers the plain-

tiffs are referring, with particular reference to the date that the transaction took place, between whom, and involving which particular lots."

The answer to this is that the action is a class action and that the rights of each plaintiff arise from a common factual background. Each count sets forth the names of two specific purchasers and these defendants know whether or not they sold to the individuals named. They further know whether or not they made the promises described by plaintiffs. The names and dates of purchases by other individuals are immaterial and irrelevant for pleading purposes insofar as each individual transaction is concerned. Moreover, all of the transactions are of public record and defendants have just as much knowledge thereof as the individual plaintiff concerned. If defendants did not make the sales alleged or the promises set forth in connection therewith, they can answer and deny them. There can be no great mystery about them so far as defendants are involved. In Sprecker v. Minutola, 60 Dauph. 582 (1949), this court held that a more specific statement or complaint should not be required where a defendant has, or should have, as much or more knowledge than plaintiff has.

Defendants further object when asking for a more specific complaint, that the allegations do not sufficiently set forth the terms and conditions of the oral promises. These promises simply were to surface the roads and streets with materials definitely described. To set forth the exact words of the promises would be to require plaintiffs to definitely plead their evidence. This they need not do. Again they object that the exact date of the promises is not set forth and where and under what circumstances they were made. The pleadings give the names of the purchasers, the dates of the transactions are matters of public record and the promises antedated each transaction and led

up to it. Again defendants are unreasonably asking plaintiffs to exactly plead their evidence.

Nor is the objection that the promises induced the purchases a mere conclusion. They are factual matters which plaintiffs will have to prove on trial. If their testimony is denied, it will be for a jury to say whether or not a promise induced a purchase.

Defendants further object that plaintiffs have not set forth the notice given by them to defendants "and when and under what conditions the defendants have refused and continue to refuse to surface the streets and roads." It can hardly be conceived that a complaint could be more specific than to state simply that defendants have refused to surface as promised. If defendants made no promises, they can say so. If they did upon certain conditions, they can introduce evidence at trial to that effect.

Again, defendants object to the prayer of the complaint setting forth a claim for damages in a certain amount. The proper measure of damages would be the reasonable cost to the various owners of doing the promised work (John Conti Co., Inc., v. Donovan, 358 Pa. 566 (1948)), and this burden must be assumed by plaintiffs on trial. The damages need not be allocated to each plaintiff in each count. The damages to each plaintiff would be the same, the reasonable cost of the work, which would inure to the benefit of each plaintiff as a whole. It is true that plaintiffs joining in the action, if they recovered, would be responsible for the proper surfacing of the streets and roads.

Under their motion for a more specific complaint defendants finally object that plaintiffs "aver that they were bringing this action on behalf of themselves and all persons who purchased lots or parcels of ground from the defendants in the aforesaid development without setting forth who said persons are, when they

purchased the property and under what conditions and circumstances they purchased the property."

In answer to this, it must be pointed out that under rule 2230 of the Pennsylvania Rules of Civil Procedure it is not necessary to set forth the names of all parties to a class action. The very purpose of such an action is to provide for a situation where it is impracticable to join all as parties. Again we must point out that it has been alleged that the purchases of land were made from defendants, and if that allegation is correct, it must follow that defendants have as much knowledge as to each transaction as the party involved in it. The complaint sufficiently sets forth the time during which plaintiffs in each count made their purchases.

Accordingly, in view of all we have said heretofore, defendants' objection in the nature of a motion for a more specific complaint must be, and is, herewith dismissed.

The second preliminary objection of defendants is under the head of a motion to strike off the complaint. Under this heading defendants say "the general manner in which the complaint is drawn as set forth in said paragraphs 1 through 17 of these objections renders the entire complaint scandalous and impertinent." We have already held that the complaint is sufficient. We likewise fail to see that there is anything in it which we could consider as scandalous and impertinent under rule 1017 of the Pennsylvania Rules of Civil Procedure.

Scandalous or impertinent matter consists of an unnecessary allegation which either charges a person with a crime or ridicule not necessary to be shown (Varner v. Hoffman, 14 Somerset 323 (1949)), or avers facts which are irrelevant to the material issues and which whether proven or not, or whether admitted or denied, can have no influence in leading to the result of the judicial inquiry: Glickman v. Brands, 31 Northumb.

264 (1948). We fail to find any averment in the complaint which is not clearly within the scope of the controversy outlined and which is not relevant and material to the issues as drawn in this case. Therefore, the motion to strike off the complaint is likewise dismissed.

The third preliminary objection filed by defendants is a motion to dismiss the complaint for lack of jurisdiction of the subject matter. This objection is based upon a claim that plaintiffs have instituted a class action. The Pennsylvania Rule of Civil Procedure involved is rule 2230. This rule provides as follows:

"(a) If persons constituting a class are so numerous as to make it impracticable to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto."

The history of this rule is set forth in Anderson on Pennsylvania Civil Practice, vol. 4, p. 345. The very purpose of the rule is to permit a class action at law where previously it was not allowed under the common law. Following the equity practice and the Federal practice, rule 2230(a) departs from this common law rule and provides that, when the members of a class who would otherwise be plaintiffs or defendants in an action are so numerous as to make it impractical to join all as parties, any one or more of the members of the class who adequately represent the entire class may sue as plaintiff on behalf of all or defend on behalf of the class. After describing the true class action and the hybrid class action, Anderson, on pages 346 and 347 of volume 4, then describes the third class or "spurious class action." It has been held that this class action, to wit, "spurious class action", may be brought by some of a number of land owners or employes to require defendant to conform to the law where con-

formance will inure to the benefit of each member of the class individually. Anderson further says, on page 348:

". . . The spurious class action is in effect a permission to persons who could have joined as plaintiffs by virtue of the permissive joinder of parties rule to group together and sue as a group or class and a like permission to join such a group or class as defendant. The right to maintain a 'spurious' class action has thus the same effect as though the permissive joinder of parties rule had stated that plaintiffs or defendants could join when their rights or liabilities arose from a common factual background and a common question was presented but that, if the total number of plaintiffs or defendants was too great, some of the plaintiffs or defendants could sue or be sued on behalf of all."

We find that under the pleadings in this case, this suit is a "spurious class action."

Ordinarily, the relief sought by a class does concern matters requiring the jurisdiction of equity. The situation is somewhat different where a money judgment is involved. If this case is regarded as a spurious class action, it is one in which the rights involved are several and there is a common question of law or fact affecting the several rights and a common relief is sought. Although the determination of the court is binding in such cases only as to those who are parties by appearance either originally or by being added to the record thereafter, each party is seeking the same relief and where the question to be determined is damages in the form of money, this is a matter which should properly be submitted to a jury on the law side of the court.

We can find no Pennsylvania case on this particular point. The present Federal practice does not require the distinction between suits at law and in equity; however, money damages have been allowed in the Federal courts in class actions. See Alabama Independ-

ent Service Station Assn. Inc., v. Shell Petroleum Corporation, 28 F. Supp. 386 (1939).

In Independence Shares Corporation v. Deckert, 108 F. 2d 51, Third Circuit Court of Appeals (appeal from the Eastern District of Pennsylvania), the situation presented was one where plaintiffs in a class action sought relief because of a claim of fraud in the sale of saving plan certificates; in addition to money damages, plaintiffs prayed for the appointment of a receiver and for injunctive relief. The court determined that the defrauded persons must seek to recover a money judgment and that the complaint in fact set forth a cause of action at law rather than in equity. The Federal rule did not require an amendment for the purpose of transferring the action to the law side of the court. The Federal procedural rule is that there shall be one form of action known as civil action, but the significant point in this case is that the court recognized this class suit as an action at law because the remedy sought was one of a money judgment. To refuse to entertain a class action merely because the action is at law would defeat the purpose of the procedural rule, and therefore we must find that this action is proper where a money judgment can be supported by evidence of damages at the time of the trial.

Where there is a complete and adequate remedy at law, the matter is not within the jurisdiction of a court of equity: Eggert v. Corr, 30 D. & C. 710 (1937), 54 Montg. 54; Gettemy v. Homestead Association of Westmoreland, 356 Pa. 475 (1947). This legal proposition is so well settled as to require no citation of authority. Here the only basis for this preliminary objection by defendants to the jurisdiction is that this is a class action. The remedy here calls for money damages and it is appropriately brought in assumpsit and we find that a class action may be maintained. A complete and adequate remedy at law is afforded to

plaintiffs in this case, as the damages to each party plaintiff are the same and need not be allocated.

The fourth objection filed by defendants is under the heading of a motion for a demurrer. This motion was not stressed at the time of argument and, we are informed, is not being pressed by defendants. We therefore make no finding as to this motion.

Having discussed all of the various preliminary objections filed by defendants, we now make the following

*Order*

And now, December 2, 1957, all of the preliminary objections filed by defendants are herewith dismissed and defendants are directed to file an answer to the complaint within 20 days hereof.